Sznitko *v.* Maher & Graff Coal Co. et al., Appellant.

*Workmen's Compensation Law—Compensation for death of husband—Dependency of wife—Contribution to support—Evidence—Sufficiency.*

An award of compensation to a wife living in a foreign country, for the death of her husband will be sustained, where her evidence

that he contributed to her support was uncontradicted and was corroborated to some extent by the testimony of an acquaintance of the husband who saw him sending money in letters which he said were to his wife. Such testimony was sufficient, without documentary proofs or direct corroboration of her statement by witnesses cognizant of the facts, to warrant a finding that the wife was dependent.

If the finding of dependency is based on any evidence or on an inference deducible therefrom, the award must be sustained.

It is sufficient for a wife to show partial support. While dependency must be actual when the parties are not living together, the wife continues to be dependent under the statute, though the support rendered is not sufficient to maintain the family, unless a separation of the parties is in effect a repudiation by the husband of his legal obligation which is consented to by the wife.

Argued April 23, 1928. Appeal No. 119, April T., 1928, by defendant from judgment of C. P., Allegheny County, No. 3375, April T., 1927, in the case of Paraskaiewa Sznitko v. Maher and Graff Coal Company and Pennsylvania Bituminous Casualty Company, insurance carrier. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from decision of the Workmen's Compensation Board. Before SWEARINGEN, ROWAND and MARTIN, JJ.

The facts are stated in the opinion of the Superior Court.

The court reversed the finding of the Compensation Board refusing an award and reinstated the award of the Referee. Defendant appealed.

*Error assigned* was the decree of the court.

*Harry J. Nesbit,* for appellant.

*R. J. Lucksha,* for appellee.

OPINION BY HENDERSON, J., July 12, 1928:

The claimant is a native of and a resident in the village of Litova in the Republic of Poland, where she

was married on February 3, 1912, to Constanti Sznitko. In the latter part of the same year the husband came to the United States and secured employment in a coal mine of the defendant in Indiana County, where on the 4th of March, 1925, he was killed by a fall of slate. His migration to this country was with the consent and approval of his wife, their object being the improvement of their material condition. The claimant never came to this country, nor did her husband return to Poland, although, as developed in the evidence, he had expressed his intention to return thereto. Testimony was taken in Poland to establish the status of the claimant and her case was made out principally on her own evidence. The case turned on the question whether she was actually dependent at the time of her husband's death. The Referee found in her favor on her evidence and the testimony of a witness who corroborated her to some extent as to her husband's contribution to her support. An appeal was taken to the Compensation Board, which, after consideration of the case, reversed the conclusion of the Referee and dismissed the complaint. This was done for the reason that the claimant was not actually dependent. Thereafter an appeal was taken to the Court of Common Pleas, which tribunal reversed the finding of the Compensation Board and sustained the award of the Referee. The subject for our consideration, as in the court below, was whether the decision of the Compensation Board turned on a question of law, or was a conclusion of fact based on the evidence. There was no contradiction of the evidence offered by the claimant. Her testimony was not incredible and she was corroborated in a degree by the evidence of a witness who became well acquainted with her husband in this country in 1915. According to the testimony of this witness, Sznitko told him that he was married and had a wife and child in Poland. The witness saw him writing to her at different times and saw him enclose

money in letters which he said he was sending to his wife. He also saw letters from the wife in her husband's possession. The remittances referred to were $10 or $20 at a time. The witness could not state how frequently they were made. The claimant testified that her husband constantly contributed to her support. It thus appears that the testimony was direct and clear to the effect that the claimant was actually dependent on her husband and was receiving support from him. It was not necessary that she show that she was wholly dependent. Contribution of partial support was all that the claimant was required to show. While dependency must be actual when the parties are not living together, the wife continues to be dependent under the statute, though support rendered is not sufficient to maintain the family unless a separation of the parties is in effect a repudiation by the husband of his legal obligation which is consented to by the wife: Morris v. Yough Coal & Supply Co., 266 Pa. 216; Creasy v. Phoenix Utilities Co., 276 Pa. 583; Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202. If the separation result for the joint advantage of the parties and the obligation of the husband to support her is recognized, the right of compensation exists as if they were living together. The court below held that the decision of the Compensation Board was based on a question of law and concluded that the Board misapprehended the law applicable to the particular inquiry in holding that the claimant should have introduced corroborating evidence with respect to dependency. Our examination of the finding of the Compensation Board brings us to the same conclusion. The question is, therefore, one open to review on appeal. The Board properly held that the question involved in the appeal was "whether or not the record contained sufficient evidence to sustain the findings that the widow was actually dependent upon

her husband for support at the time of his death?" After referring to the undisputed facts and the testimony submitted bearing on the question of contribution by the husband to his wife's support, the Board comments on the fact that the claimant "was unable to produce any documentary evidence whatsoever to corroborate her testimony in spite of the fact that these remittances are alleged to have continued down to the time of the decedent's death." With respect to the evidence of the witness who saw letters written by the husband to his wife and letters received by him from her and was present when Sznitko enclosed money in letters written to her, the Board declined to give consideration to it on the ground that it was "but little more than hearsay" and with reference to the subject of dependency, the Board concluded that the testimony could not possibly have the effect "from a legal view point" of showing a relation of dependency, for which reason the conclusion followed that the Board "do not think the claimant has met the burden of proof imposed upon her by the compensation law." As we understand the language thus used, the conclusion was based not on the finding that the claimant was not a credible witness or that the corroborating witness was not to be believed, but that the burden rested on the appellee to support her claim by some documentary proofs or by direct corroboration of her statements by other witnesses cognizant of the facts with respect to her domestic history. The law does not subject her to this necessity, however. The rule is, as stated in Morris v. Yough Coal & Supply Co., supra: "If the finding of dependency is based on any evidence or on an inference fairly deducible therefrom, the award must be sustained though we might differ from the conclusion thus reached." All that is demanded of the applicant is that she show affirmatively that she is actually dependent in whole or in part on her husband

for support, and on that subject it was said in Creasy v. Phoenix Utilities Co., supra, that "no rigid rule can be laid down concerning the amount or character of evidence necessary to show actual dependency, but that each case must be controlled by its own circumstances." The finding of the Board does not reverse the conclusions of the Referee on questions of fact, but holds that the claimant has not met the burden of proof placed upon her by the compensation law, as a result of which her claim must fail. If the case were one tried before a jury, it would be the duty of the court to submit the question of dependency on the evidence bearing thereon and the law applicable thereto, because unimpeached witnesses had given testimony which, if credited, was sufficient to make out the claimant's case on the ground that she was the wife of the deceased and that he had contributed to her support from time to time during the years when he was earning a livelihood in the defendant's coal mine for himself and his family, and the evidence is sufficient, if believed, to warrant a finding by the Referee and the Compensation Board in favor of the claimant. The court was not in error, therefore, in determining that the question brought up on the appeal was a question of law which had been misapprehended by the Compensation Board.

The judgment is, therefore, affirmed.