Dietrich, Appellant, et al. *v.* Hudson Coal Company.

194 

Argued March 4, 1935. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ. 

*T. A. Donahoe,* of *Donahoe & Helriegel,* and with him *Carl Carey,* for appellant.

*Roger J. Dever,* for appellee, widow claimant.

PER CURIAM, March 13, 1935:

The following extracts from the clear and concise opinion by Judge LEACH justify the entry of the judgment appealed from:

"Deceased met his death on April 28, 1932, by ac-

cident in the mines of the defendant company. Claimants petitions were filed by his mother, Mary J. Dietrich, and his widow, Matilda F. Dietrich. The board awarded compensation to the widow and disallowed the claim of the mother, and the appeal of the mother is before us. From the evidence it appears that the deceased at the time of his death was about 37. He had always lived with his mother, and she never knew he was married until after his death. The board found that the mother, a widow with no other children, 'was totally dependent upon him (decedent) for support at the time of his death.' About six months before his death, he was married in Luzerne County. The woman he married was a school teacher in the Borough of Dunmore, receiving a salary of over $130 per month. The marriage was kept secret from the Dunmore School Board and the mother, the parties continuing their usual residence. The board says: 'It appears to the board that within the meaning of the act, Dietrich and his wife were living together. It is true that they had not procured a house, furnished it, and established themselves in it. But they were together every evening, and definitely dwelt together over the week ends. It is obvious that there was no separation, no intention to live apart, no repudiation of the marital obligations, and that they had, insofar as they were financially able, established a family relationship. Furthermore, it seems clear that the wife, while employed as a public school teacher, was not receiving her salary with regularity, and that to some extent she was actually dependent upon him for support, which he supplied.' ...... We cite the following from Sznitko v. Maher & Graff Coal Co., 93 Pa. Superior Ct. 463, 466: 'While dependency must be actual when the parties are not living together, the wife continues to be dependent under the statute, though support rendered

is not sufficient to maintain the family unless a separation of the parties is in effect a repudiation by the husband of his legal obligation which is consented to by the wife: Morris v. Yough Coal & Supply Co., 266 Pa. 216, [109 A. 914]; Creasy v. Phoenix Utilities Co., 276 Pa. 583, [120 A. 659]; Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202. If the separation result for the joint advantage of the parties and the obligation of the husband to support her is recognized, the right of compensation exists as if they were living together.' "

The judgment is affirmed.