Icenhour *v.* Freedom Oil Works Company (et al., Appellant).

Argued April 21, 1939.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Forest G. Moorhead,* of *Moorhead & Marshall,* for appellant.

*E. Y. Calvin,* for appellee.

OPINION BY RHODES, J., June 28, 1939:

This appeal is from the judgment entered on an award in favor of claimant in a workmen's compensation case. The insurance carrier of the defendant employer is the appellant. Claimant, widow of deceased employee, filed a claim petition on October 18, 1935, her husband having died on June 20, 1935, as the result of an accident while in the course of his employment with defendant employer. After hearing, the referee dismissed her petition on the ground that she had failed to prove dependency as provided by section 307 of the Workmen's Compensation Act of 1915, as amended April 26, 1929, P. L. 829, §3, 77 PS §562. On appeal, the board made findings of fact and conclusions of law based upon the testimony, and affirmed the order of dismissal of the referee. The board's fifth finding of fact was as follows:

"5. That the claimant, Maurine Icenhour, and the decedent, Elmer Grant Icenhour, were legally married on March 5, 1935, but at the time of decedent's death, June 20, 1935, the claimant and decedent were not living together as man and wife; nor was decedent supporting claimant at that time."

Claimant appealed to the court of common pleas, and the record was remitted to the board for further hearing and determination. The case was then remanded by the board to the referee, and the referee again dismissed claimant's petition, having found as a fact that claimant was not dependent upon deceased. From the disallowance of compensation by the referee, claimant appealed to the board, which reversed the referee and made an award to claimant. The following are the material findings of fact by the board:

"Fifth: That the claimant, Maurine Icenhour and the deceased, Elmer Grant Icenhour, were legally married on March 5, 1935, and while they were not living together on June 20, 1935, at the time the deceased met with his fatal accident the claimant was at all times subsequent to the marriage partially dependent upon the deceased for her support and actually received partial support from the said decedent continuously from the date of their marriage until the date of the death.

"Sixth: At no time following the marriage did the deceased repudiate his marital obligations to the claimant. On the contrary he continued to recognize the claimant as his wife and to recognize his marital obligations to her."

Defendants appealed to the court of common pleas, which affirmed the action of the board, and entered judgment in favor of claimant on the award. This appeal by the insurance carrier followed.

The factual issue in the case was whether claimant was actually dependent upon deceased for support at the time of his death under section 307 of the Workmen's Compensation Act of 1915, as amended, 77 PS §562, as claimant and deceased continued to live separately, and in the same manner as they had before their marriage, until the time of his death. For some time prior to his marriage to claimant, deceased had lived with a woman to whom he was not married, and

who filed a claim petition on August 20, 1935; after hearing before a referee her claim was dismissed, but an award was made in favor of a daughter of deceased by a prior marriage. On claimant's petition a hearing was held before the referee, and much testimony was introduced, some of which was incompetent and irrelevant, and that which was competent was in many instances contradictory. Claimant's oral testimony was to the effect that after their marriage they spent a night at the Lincoln Hotel in Rochester, Pa.; that the next two days they stayed with a brother of deceased in Rochester; that she then went back to the Lincoln Hotel and worked for a woman there for a few days; that on the 15th of March, 1935, she obtained a position at the Windsor Hotel, in Beaver Falls, to do part time work for room and board; that she was there so engaged at the time deceased died; that during this period prior to his death he contributed on an average of two or three dollars a week toward her support. There was also introduced in evidence a statement signed by claimant shortly after the death of deceased, in which she stated that deceased had not contributed anything toward her support either before or after they were married. In this statement she also said: "The reason we were not living together is that I have a debt that was accumulated before we were married and he did not have the money to pay it off and I did not want him to. I was working to pay this debt off before starting to live with him. I intended to live with him after paying off my debt." Claimant's marriage to deceased was her fourth. Prior to her last marriage, for several years, she resided in various hotels where she was employed, or while residing therein did housework elsewhere. Claimant's testimony was such as to warrant compensation authorities in giving it discriminating consideration. No additional testimony was taken by the referee or board after the first hearing before the referee. We think, as appellant concedes, that the compensation

authorities could have found either way on the facts before them. A woman who is not living with her husband, but who is supported by him in whole or in part at the time of the accident, is a dependent within the meaning of the statute *(Shimkus v. Philadelphia & Reading Coal & Iron Co.,* 280 Pa. 88, 124 A. 335; *Geytko v. Pittsburgh & Eastern Coal Co. et al.,* 88 Pa. Superior Ct. 522), and if the living apart is merely for the mutual convenience or for the joint advantage of the parties, and the obligation of the husband to support her is recognized, the right of compensation exists as if they were living together *(Sznitko v. Maher & Graff Coal Co. et al.,* 93 Pa. Superior Ct. 463, 466; *Dietrich et al. v. Hudson Coal Co.,* 117 Pa. Superior Ct. 193, 177 A. 606) ; but, if a wife is not living with her husband and she is not supported wholly or partly at the time of the accident by him, and she acquiesces in the noncompliance with his obligation to support her, she is not a dependent within the meaning of the statute *(Morris v. Yough Coal & Supply Co.,* 266 Pa. 216, 220, 109 A. 914; *Feldman v. Pictorial Review—Women's World Pub. Co. et al.,* 122 Pa. Superior Ct. 491, 496, 186 A. 308; *Glenn v. State Workmen's Ins. Fund et al.,* 133 Pa. Superior Ct. 121, 2 A. 2d 32).

The compensation authorities must use their own judgment in determining the facts, and, unless it can be said that there is no competent evidence to support the findings and conclusions of the referee and board, they cannot be disturbed by the courts. See *Petrovan v. Rockhill Coal & Iron Co.,* 130 Pa. Superior Ct. 58, 196 A. 516; *Williams v. John B. Kelly Co., Inc.,* 128 Pa. Superior Ct. 228, 230, 193 A. 97; *Glenn v. State Workmen's Ins. Fund et al.,* supra. Likewise, the credibility of the witnesses is for the fact-finding bodies, and not for the courts. It was the prerogative of the compensation authorities to give the testimony of claimant and of each of the other witnesses such consideration as it might deserve, and to accept or reject it in

whole or in part accordingly (*Zbirowski v. John T. Lewis & Bros. Co.,* 130 Pa. Superior Ct. 222, 196 A. 606) ; and that it is the exclusive function of the compensation authorities to find facts, whether from direct or circumstantial evidence, and the inferences therefrom, is not to be lost sight of on appeal to the courts *(Dunphy v. Augustinian College of Villanova et al.,* 129 Pa. Superior Ct. 262, 195 A. 782; *Morris v. Yough Coal & Supply Co.,* supra).

As it previously appears, the referee consistently refused to allow plaintiff's claim on the evidence before him. It is to be noted that, in the board's affirmance of the referee's order of dismissal, it did not make a direct finding as to claimant's dependency, but found merely that claimant and deceased were not living together as man and wife at the time of his death, and that he was not supporting her at that time; but we think that a reading of the board's opinion indicates that by its finding it meant there was no actual dependency of claimant upon deceased. Under such circumstances the record could have been remitted for a more specific finding; this was not done.

It is significant that, after the record was remitted by the court of common pleas and the referee had again disallowed compensation to claimant, on the ground that claimant was not dependent upon deceased at any time, on the same record as was first before it, the board should reverse the referee and its own previous action and make an award to claimant. The fifth and sixth findings of fact in the last opinion of the board we have previously quoted, wherein the board found that "the claimant was at all times subsequent to the marriage partially dependent upon the deceased."

We do not mean to say that if the board used its own independent judgment a reversal of its previous action would be beyond its power, if, on reconsideration of the evidence, it found that claimant was actually dependent upon deceased at the time of his death, not-

withstanding that they were not living together (see *Tignor v. Allen and Garcia Co. et al.*, 106 Pa. Superior Ct. 49, 161 A. 489); and of course the board is not bound by the findings of the referee, and may substitute its own findings for those of the referee (section 423 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, §6, and reenacted by the Act of June 4, 1937, P. L. 1552, §1, 77 PS §854; *Younch v. Pittsburgh Terminal Coal Corp.*, 118 Pa. Superior Ct. 396, 180 A. 30). However, we are convinced that the board did not exercise its own independent judgment in reconsidering the evidence and setting aside the findings of fact of the referee, and reversing itself. We think we are confirmed in this conclusion by what the board said in its opinion: "Following an appeal to the Court of Common Pleas of Beaver County the record was remitted to the Board for further hearing and determination in accordance with an opinion then filed in which the Court in effect held that the allegations of the claim petition were sufficiently proven and the claimant was entitled to compensation. The case was again remanded by the Board to the referee for further hearing and determination and following further hearing the referee again dismissed the claimant's petition notwithstanding the opinion of the Court of Common Pleas of Beaver County, from which action by the referee this appeal was taken to the Board."

In our judgment the opinion of the court below remitting the record to the board for further hearing and determination clearly meant that the compensation authorities should find the facts as it indicated therein. Obviously the board was influenced in its judgment by this opinion. Our Supreme Court and this court have often said that it is not for the courts to make findings of fact or to tell the compensation authorities that they must find one way or another. See *Paulin v. Williams & Co., Inc. et al.*, 122 Pa. Superior Ct. 462, 186 A. 415,

affirmed 327 Pa. 579, 195 A. 40, and cases therein cited. The court below, if it thought that the board failed in its findings to properly distinguish between support and dependency, should have remitted the record for more specific findings as provided by section 427 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §877. The question of actual dependency of claimant was for the determination of the compensation authorities, and if there was any competent evidence to support a finding that there was no actual dependency it was not for the court in effect to direct the referee and the board to find otherwise, although it felt that the weight of the evidence as a whole was against such a finding of fact. A court clearly oversteps its prerogative when it attempts to substitute its own judgment on matters of fact for that of the compensation authorities. The opinion of the court below clearly manifests that this was done. Therein the court states that the board "obviously and patently" disregarded "the fair weight and preponderance of the evidence"; that "to hold that Maurine Icenhour, the claimant, was not dependent, under the law and evidence, was not a finding of fact, but a perverse judgment, and an error of law"; that "we are of the opinion that she did meet the burden of proof necessary to establish dependency"; that "we are of the opinion that the evidence establishes partial support so conclusively that to disregard it and hold to the contrary was error of law"; and that "under the evidence, as it is before us, we are of the opinion that the claim should have been allowed."

If, as the court below said in its opinion affirming the award of the board, "the confusion into which this case first fell was the failure of the referee and the board to properly distinguish between 'support' and 'dependency,' within the accepted interpretation of the Workmen's Compensation Law," then the record in the first instance should have been remitted for more specific findings of fact.[1] Instead, the court in remitting

the record for further hearing and determination indicated beyond question that a finding of claimant's dependency should be made, although the evidence, in our judgment,, was such as to sustain a finding to the contrary. The referee persisted in finding that there was no dependency of claimant upon deceased at any time. The board followed the course charted by the court, and chided the referee for not doing likewise.

Appellant complains that, even if compensation were properly awarded to claimant, the award was incorrect. If claimant is entitled to compensation as the widow of deceased the amount would be determined as we have indicated in *Cole v. Keystone Public Service Co.*, 128 Pa. Superior Ct. 489, 194 A. 237.

Judgment is reversed, and the record is returned to the court below with direction that it be remitted to the Workmen's Compensation Board for further consideration, and for such determination as in its independent judgment may be deemed just and proper on the evidence in the record.

[1] *Allen v. Bill's Tire Shop et al.,* 95 Pa. Superior Ct. 162, 166.