Berman, Appellant, v. George J. Blair Co. et al.

Argued May 3, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

194

*Alexander F. Barbieri,* for appellant.

*George. H. Detweiler,* for appellee.

OPINION BY HIRT, J., October 17, 1939:

Claimant's husband, a roofer in defendant's employ, died from injuries sustained while engaged in the performance of his duties. Both the referee and the board awarded compensation to claimant for his death. On appeal to the common pleas, the award was reversed and judgment was entered for the defendant. The sole and controlling question for our determination is whether the widow was actually dependent upon her husband, at the time of his death, for support within the meaning of section 307 of the Compensation Act, 77 PS 562.

In considering this question it is not for us to make an independent appraisement of the evidence and to substitute our findings of fact for those of the referee and the board, for, if there is legally competent evidence to support their findings of fact or conclusions of law, their findings and conclusions control. "We must accept the findings of the compensation authorities if there is any competent and relevant evidence to support them:" *Ciello v. D. J. Kennedy Co.,* 131 Pa. Superior Ct. 492, 200 A. 147; *Gerst v. Smith-Faris Co.,* 107 Pa. Superior Ct. 30, 162 A. 490.

The referee found as a fact that claimant, though not actually living with her husband at the time of his death, nevertheless had received "support from him

from time to time in small sums whenever the financial condition of the decedent permitted, and the claimant had never relinquished her right to support by the decedent." On this finding the conclusion of both the referee and the board, of actual dependency, rests. The important consideration in this appeal is that there is competent testimony supporting the above finding of fact. Claimant and decedent were married in 1895 and lived together with their children except during the last five or six years. Because of decedent's excessive drinking and his abusive conduct, the children refused to allow him to continue to live with them. Claimant and her husband then separated, and the wife went to live with her children. Though separated, the relationship between claimant and her husband was friendly, and there is testimony that he gave her money every week or two in small amounts for her support, as he was able. Claimant testified that he frequently visited her and that she expected to resume living with him when he could set up a separate home for her. Decedent's earnings, because of his habits and a lack of opportunity for employment, were small, and at the time of his death he was receiving public assistance and was on partial relief.

On the issue of actual dependency each case "must be controlled by its own circumstances ...... no rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency ...... But the term actual dependency does not mean sole and exclusive support:" *Morris v. Yough Coal and Supply Company,* 266 Pa. 216, 109 A. 914. "Dependency must be 'actual' and therefore must be affirmatively shown as a fact in the case ...... If the wife continues to receive support, whether wholly or in part, she continues to be a dependent within the meaning of the statute, unless the separation amounts to a repudiation of the husband's legal obligation ...... The criterion in cases of this character, consequently, must be whether

or not a wife, living apart from her husband and dependent upon him, but not actually receiving support from him, has acquiesced in his action under circumstances amounting to a repudiation by him of his legal obligation to support his family:" *Creasy v. Phoenix Utilities Co.*, 276 Pa. 583, 120 A. 659; *Shimkus v. Phila. & Reading C. & I. Co.*, 280 Pa. 88, 124 A. 335; *Beaver v. Hazle Brook Coal Co.*, 126 Pa. Superior Ct. 253, 190 A. 652; *Dietrich v. Hudson Coal Co.*, 117 Pa. Superior Ct. 193, 177 A. 606; *Pykosz v. Koehler and Streng*, 105 Pa. Superior Ct. 605, 161 A. 469.

The record in this case does not disclose a repudiation by the husband of his obligation to support nor a release of the husband by the wife of that obligation. On the contrary, there is competent testimony of occasional small payments by decedent to claimant for her support, and this is evidence of actual, though partial, dependency. Moreover, the fact that the wife did not assert her right in a non-support action against the husband under the circumstances is not of controlling importance. The law does not require the doing of a vain thing. The earnings of the husband from casual employment were small and variable in amount and wholly insufficient to sustain any order for support approaching adequacy in amount, and an order of court in all probability would not have aided the wife in collecting more. The separation of the parties was not from considerations of convenience; it arose from necessity; claimant had little choice in the matter. Where this is shown, the wife is not barred from compensation for the death of her husband where the testimony supports the findings of the compensation authorities that the wife was actually dependent, though the dependency was partial, and where the testimony also supports the conclusion that the wife had not released her husband from his obligation to support her.

Judgment reversed and it is directed that judgment be entered for claimant in accordance with the award.