Gavandula *v.* Ryan Brothers (et al., Appellant).

Argued March 1, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Charles J. Bufalino, Jr.,* Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.* and *Wilson H. Oldhouser,* Assistant Attorneys General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Nathan Hyman,* with him *Wilfrid L. Jones,* for appellee.

OPINION BY JACOBS, J., April 15, 1965:

On March 20, 1961, the claimant-appellee filed a claim petition with the Workmen's Compensation

Board asking for compensation under The Pennsylvania Occupational Disease Act, 77 P.S. 1201 et seq. for anthracosilicosis. Claimant was employed in the anthracite coal industry by the Glen Alden Corporation from 1924 to 1953. From May 1954 to September 1955, claimant worked for the defendant Ryan Brothers. From September 1955 to November 1955, Herbert R. Imbt was his employer. He returned to work with Ryan Brothers from November 1955 to July 20, 1957. His duties for both Ryan Brothers and Imbt consisted of outside road construction work. While working for Ryan Brothers he stood near a concrete mixer into which rock, sand and concrete were dumped.

Two hearings were held before the referee. At the first hearing the claimant testified and a medical report dated February 27, 1961, showing that claimant was totally disabled due to advanced anthracosilicosis, was admitted into evidence. At the request of the claimant the board remanded the case to the referee for further testimony. At the second hearing a doctor of chemistry testified, after analyzing some material used in road construction in 1962, that a silica hazard would exist if those samples were utilized in a dry state. The workmen's compensation referee concluded that the claimant was not entitled to compensation, finding as a fact that the claimant was not exposed to a silica hazard while employed by either Imbt or the defendant, Ryan Brothers, and dismissed the petition. The claimant appealed to the Workmen's Compensation Board which affirmed the referee's finding of fact, conclusions of law, and order dismissing the claim petition.

The claimant then appealed to the Court of Common Pleas of Luzerne County excepting to the findings of fact, conclusions of law and order of disallowance made by the Workmen's Compensation Board.

The court below reversed the following facts as found by the referee and adopted by the board, and substituted its own findings of fact therefor. It reversed the finding that the claimant was not exposed to a silica hazard while employed by the defendant Ryan Brothers and found instead that the claimant was exposed to a silica hazard while employed by the defendant. It further found that the claimant was exposed to a silica hazard while employed by Herbert Imbt, contrary to the board's finding. The court then found that the claimant was entitled to compensation, fixed the amount of the same and directed that compensation be paid by the Commonwealth of Pennsylvania. The Commonwealth has appealed to this court.

The court below erred when it set aside the findings of fact of the referee and board and substituted its own findings of fact. It is the function of the compensation authorities to decide all questions of fact and it is the function of the courts to decide questions of law. *Vorbnoff v. Mesta Machine Co.,* 286 Pa. 199 at 207. Compensation cannot be awarded without a finding of causation and the power to make such finding of fact is exclusively vested in the compensation authorities. *Apker v. Crown Can Co.,* 150 Pa. Superior Ct. 302 at 305.

In this case the referee and the board found that the claimant had failed to sustain his burden of proof after two hearings. Where the decision of the board is against the person having the burden of proof the question before the court on appeal is whether the findings of fact are consistent with each other and the legal conclusions and can be sustained without a capricious disregard of the evidence. In making its findings the board need not accept even uncontradicted testimony as true. *Zimmiski v. Lehigh Valley Coal Company,* 200 Pa. Superior Ct. 524 and *Berdy v. Glen Alden Corporation,* 202 Pa. Superior Ct. 525. Viewed

in this light, the findings of the board must be sustained.

Judgment of the court below is reversed and the order of the Workmen's Compensation Board is reinstated.