Drevitch *v.* Beverly Farms, Incorporated.

Argued November 3, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Joseph M. Wymard,* with him *Wymard & Wymard,* for appellant.

*Roy F. Walters,* with him *Brandt, McManus, Brandt & Malone,* for appellee.

OPINION BY JUDGE ROGERS, December 7, 1972:

Margaret A. Drevitch, widow of William R. Drevitch, has appealed from an order of the Court of Common Pleas of Allegheny County affirming an order of the Workmen's Compensation Board dismissing her Fatal Claim Petition.

Appellant's decedent, while employed as a milk truck driver for Beverly Farms, Inc., was struck on the chest on July 7, 1965 by milk cases which had apparently slipped from racks in his truck. Complaining of chest pains, Mr. Drevitch was examined by a cardiolo-

gist who concluded that Drevitch had suffered an acute coronary occlusion. Upon his release from hospital care on July 30, 1965, Drevitch returned to work. He was readmitted to the hospital on October 18, 1965 where he remained until November 4, 1965 undergoing further treatment of a heart condition. He was readmitted to the hospital on December 4, 1965 and died there on December 6, 1965.

William Drevitch filed a Petition for Compensation for Disability, which was pending at his death and upon which the Board eventually awarded his widow appropriate benefits. After his death, his widow filed the Fatal Claim Petition which is the subject of this appeal. The Referee awarded compensation to Mrs. Drevitch. On appeal, the Board initially set aside the Referee's award, but, upon Petition for Rehearing, remanded the case to the Referee ". . . for rehearing on all matters related to the causal connection between the accident and the disability and the subsequent death." After the rehearing the Board filed an opinion disallowing the Fatal Claim Petition on the following findings:

"Third: On July 7, 1965 the claimant suffered injuries to his chest as a result of the falling of milk crates while he was employed by the defendant delivering milk. The claimant also suffered an acute coronary occlusion either immediately before the time of the injury, or subsequent thereto. The decedent was disabled as a result of the coronary occlusion until September 20, 1965, when he returned to work and worked until October 10, 1965, when he suffered another coronary occlusion from which he died on December 6, 1965.

"Fourth: There is no causal connection between the accident of July 7, 1965 and the disability or death of William R. Drevitch."

In a comprehensive opinion by Judge BENJAMIN LENCHER, the court below reviewed the authorities and record and concluded that the Board's finding of no causal connection between the accident and death was supported by the testimony and that there had been no capricious disregard of the competent evidence.

The principles applicable here are clear. " 'Questions of fact are for the compensation authorities and the appellate court may not make an independent appraisement of the evidence. Burman v. George J. Blair Company, 137 Pa. Super. 193, 8 A. 2d 731. The Board is not required to accept even uncontradicted testimony as true and, where its decision is against the party having the burden of proof, the question before the court on appeal is whether the Board's findings of fact are consistent with each other and with its conclusions of law and order and can be sustained without a capricious disregard of the competent evidence.' " State Workmen's Insurance Fund v. Young, 2 Pa. Commonwealth Ct. 423, 427 (1971) (quoting with approval from Dindino v. Weekly Review Publishing Company, Inc., 188 Pa. Superior Ct. 606, 610, 149 A. 2d 475, 477 (1959)). It is the prerogative of the Board as the ultimate factfinder to weigh the testimony and to accept or reject it either in whole or in part. The credibility of those qualified as medical experts is not reviewable as a matter of law, and the credibility of witnesses is of course for the factfinder. DeMascola v. Lancaster, 200 Pa. Superior Ct. 365, 189 A. 2d 333 (1963). Compensation cannot be awarded without a finding of causality, and the power to make such a finding is exclusively vested in the compensation authorities. Gavandula v. Ryan Brothers, 205 Pa. Superior Ct. 325, 209 A. 2d 13 (1965).

We agree with the Board and Judge LENCHER that the medical testimony adduced by the claimant was not of sufficient weight and clarity to sustain claimant's

burden of proving that her husband's death from heart failure in December 1965 was caused by the accident of July of that year. A witness to the incident stated that, alerted by cries from inside the milk truck, he discovered the decedent standing in the rear of the truck pinned by ten or so milk cases, one of which was resting on his chest. Examination following the accident revealed no lacerations, abrasions or marks upon the chest or any organs of the body. A cardiogram administered the next day, however, indicated that decedent had suffered a coronary occlusion. Dr. Francis A. Aaron, the cardiologist who treated the decedent commencing on the day following the accident concluded, based upon examination and history,[1] that the decedent had received a blow on the chest and that this, with the attendant fright and emotional upset, had aided or precipitated the coronary occlusion. It is not clear whether Dr. Aaron was connecting the accident with the coronary occlusion diagnosed on July 8th or with Mr. Drevitch's death of heart failure on December 6th. The testimony at the remand hearing of Dr. Cyril Wecht, a pathologist who had not treated or examined Mr. Drevitch, was also unclear as to the causal connection between the accident and the death. It was his belief in the admitted absence of contusion that fright and emotional stress induced by the accident precipitated a coronary occlusion. Again, however, it was not clear that he believed that the July incident was the cause of death in December. He did, however, concede that the decedent had a preexistent arterio-

---

[1] Dr. Aaron testified that decedent related to him the incident of the cases slipping against him. The doctor had no notes of this conversation, at least when he testified at the remand hearing. Although the hospital records at one place refer to the accident of the crates, they also include a history taken by an intern containing the following phrase: "onset of mid sternal pain while loading truck."

6

sclerotic condition which predisposed him to a heart attack at any time or any place.

In short, the medical testimony offered by claimant on the causal connection between the accident and decedent's death required a choice of inferences. ". . . [W]here the evidence presented is subject to several inferences, the inference to be adopted is for the board. . . ." *Kline v. Kiehl,* 157 Pa. Superior Ct. 392, 397, 43 A. 2d 616, 618 (1945). We can find here on the part of this Board no capricious disregard of competent testimony, remembering that "[t]o constitute capricious disbelief there must be wilful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth." *Chilcote v. Leidy,* 207 Pa. Superior Ct. 345, 349, 217 A. 2d 764, 766 (1966).

The claimant has had two evidentiary hearings at the administrative level. Both attending physicians and an expert have testified in his behalf. Judge LENCHER made an unusually thorough study of the case and we have conscientiously reviewed the record. The claimant has been represented by very able and persistent counsel throughout. For us to remand, as claimant suggests, would, we are satisfied, impede rather than promote justice.

Affirmed.