## Connelly Containers, Inc., et al. *v.* Gahan (Two appeals).

Argued February 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Earl T. Britt,* with him *Duane, Morris & Heckscher,* for appellants.

*Gerald J. Haas,* for appellee.

OPINION BY JUDGE ROGERS, March 14, 1973:

The notable feature of this workmen's compensation cause is that it is, and has been for five years, in a procedural snarl of unprecedented dimensions.

The claimant, Frank J. Gahan, was employed by Connelly Containers to "[take] care of the tool room in conjunction with the boilers and the plant, the heating of the plant and the process steam of the plant and other minor duties attached to that."[1] The plant was shut during the last week of the year 1963 and Gahan and others were mending or installing asbestos coverings on boiler pipes. The claimant asserts that on December 31, 1963, while on a ladder attempting to pry apart two pipes, he felt pain in his right arm and back. He nevertheless continued for a time the job of inserting asbestos between and around pipes. He then with difficulty and suffering pain in his neck, shoulder and arms pulled or pushed a 16-inch lever closing fuel oil strainers. He experienced pain on New Year's Day and on January 2, 1964 visited a hospital where a doctor in his words "looked at [his] condition" and told him to come back at a later date. On January 7, 1964 he reported to his employer's personnel officer that he had strained his back in pulling a transfer lever. On the same day he visited a physician

---

[1] This is claimant's description of his duties. The name of the position is given as "operating engineer" or "stationary engineer."

employed by the employer's insurance carrier who testified that the claimant recalled no accident and thought his symptoms were the result of successive exposure to heat and cold at work on December 31, 1963. He was treated by the carrier's doctor for some weeks. He then went to a physician of his own choosing who referred him to a neurosurgeon who, on April 7, 1964, removed a herniation of the intervertebral disc from between the vertebra of C-5 and C-6, on the right side. This surgeon's history taken January 27, 1964 included claimant's statement that he had had difficulty opening a large valve and had "unduly" exerted himself in this effort. There is evidence that the claimant had injured his back in 1961 and had left a previous employment for this reason.

When he filed his petition in March of 1964, the claimant averred that an accident occurred while he was "performing regular duties making special repairs and alterations in boiler room." A referee found that Mr. Gahan had suffered an accidental injury without specifying whether the occasion was the prying apart of pipes or the pulling of a lever. The Workmen's Compensation Board rejected the claimant's testimony as to causation, choosing to believe the carrier's physician's testimony that the claimant had not related any incident as causing his symptoms and noting the evidence of a preexisting condition. The Board based its rejection of the claimant's version of what precipitated his discomfort on the absence of corroboration, citing *Buck v. Arndt*, 153 Pa. Superior Ct. 632, 34 A. 2d 823 (1943). That case holds that, whether there is or is not evidence of a preexisting condition, the uncorroborated *post hac* testimony of an employee that while performing his usual work in the usual manner he felt a sharp pain or twisted himself will not support a finding of an accident even though accompanied by the opinion of a physician based upon such assumed history.

It was at the point of claimant's appeal from the Board's order denying benefits that the case began to disintegrate. The claimant appealed the Board's decision to the Court of Common Pleas of Philadelphia. Before the Court acted, the claimant filed with the Board a petition for rehearing under Section 426 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §871. The Board dismissed the petition and the claimant appealed. The Court of Common Pleas then made the following order: "Appeal from decision of Workmen's Compensation Board denying petition *for reconsideration* is sustained; case is remanded to Workmen's Compensation Board *for proceedings in accordance with this Order.*" (Emphasis supplied.) The Board promptly and without a rehearing entered an order reaffirming the order denying benefits. The claimant also appealed this order. At this point, the court below undertook to decide the two undisposed of appeals then before it, being, in reverse order of filing, (1) the appeal from the Board's order of reaffirmance and (2) the appeal from the Board's first order on the merits. The court reasonably interpreted the Board's order of reaffirmance as a response to the Court's remand order and concluded that that response was inappropriate because addressed to the merits and not to the subject of rehearing. It therefore sustained this appeal. As to the appeal from the Board's order on the merits, the court held that the Board had capriciously disregarded evidence in corroboration of the claimant's account of the incident of December 31, 1963. It therefore sustained this appeal also. While sustaining the appeals, the court did not, however, reverse the Board and render judgment for the claimant but remanded the case for rehearing to afford the parties the opportunity to adduce further evidence in the matter of corroboration. The court's order is appealed to us.

To compound the difficulties, the Workmen's Compensation Appeal Board newly constituted in 1972, concluded, at whose instance does not appear, that the court's earlier order of remand on the appeal of the denial of the petition for rehearing had not been disposed of by the predecessor Board and entered an order affirming the referee's award of compensation. This action was taken after the record was certified to us by the court below and while the appeal was pending here. This order of the Board has been appealed here.

We have before us therefore (1) an appeal from an order of the Court of Common Pleas remanding the record to the Board for further proceedings and (2) an appeal from an adjudication of the Board awarding compensation.

The Board's order must be set aside. First, the Board justifies its reversal of the order of a predecessor Board with the assertion that the former Board had not acted upon the court's order of remand. This is not so. The old Board responded promptly to the Court's order which without reference to any docket number of the Board[2] merely instructed the Board to reconsider its decision. The Board did just that and reaffirmed its decision. If this was an inappropriate return of the remand, it was for the court to point out. Further, the new Board had no power to reverse the former Board on the merits without a hearing after the case had been remanded by the Court of Common Pleas for rehearing and while the record[3] was supposed to be

---

[2] The Board had assigned numbers to each the claim petition and the petition for rehearing. All of the proceedings in the Court of Common Pleas had been assigned the same number.

[3] What record the Board may have had before it in making this decision is shrouded in mystery. Some months after it acted, no record papers could be found in the files of either the Board or the lower court, and we have before us a stipulated reconstruction from the files of counsel.

in this court on appeal from the lower court's order. We point out that this is not a case of the Board granting rehearing during the pendency of an appeal authorized by Section 426 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §871, but of the Board's appropriation of the cause to render a decision on the merits, without hearing, and while the record was, or should have been, in this court on appeal from a lower court.

We come finally to the appeal from the lower court's order reversing the original Board decision against the claimant and remanding the case to the Board for further hearing and decision. As we have noted, the Board had rejected the claimant's testimony as to the cause of his injury on the ground it lacked corroboration and the court concluded that the Board had capriciously disregarded corroborative evidence. The court held that statements made by the claimant to various persons concerning his activities immediately preceding the onset of his symptoms were corroborative of the fact that he was injured as he claims. This was error. Such statements are, it is true, corroborative of the fact that at the time the claimant related certain events; they are not, however, corroborative of the fact that those events actually occurred. The requirement of corroborative evidence where the employee, as here, claims to have sustained an unexpected injury while performing his usual work in the usual manner is founded upon the ease with which such assertion can be made and the virtual impossibility of contradicting it. *Martin v. Union Collieries Company*, 141 Pa. Superior Ct. 93, 14 A. 2d 867 (1940); *Toohey v. Carnegie Coal Corp.*, 150 Pa. Superior Ct. 297, 28 A. 2d 362 (1942); *Apker v. Crown Can Company*, 150 Pa. Superior Ct. 302, 28 A. 2d 551 (1942); *Buck v. Arndt, supra.* A claimant's contemporaneous statements consonant with his recital of events included in histories relied on by his medical

witnesses may be relevant as rebuttal of an assertion of *post hac* fabrication; they are not, we repeat, corroborative of the truth of the same statements made on other occasions. However, there are matters of record here which may be found to be corroborative, such as the facts that the claimant did not return to work after December 31, 1963, that he was hospitalized, and that he underwent surgery in April of 1964. For this, and the reasons set forth hereinafter, we will affirm the court's order of remand.

Since this case is now ten years old and should be concluded promptly and because a further appeal would be to this court, we presume to point out what we believe the issues to be.

The claimant asserts in his claim petition and the testimony clearly reveals that he was at his usual work on December 31, 1963. There was no accident in the usual and layman's understanding of that word. The claimant, therefore, is entitled to compensation only if his injuries were (1) the result of unusual exertion in the performance of a task unusual to his position of employment, or (2) should be found to be the unexpected and unusual pathological result of the performance by the claimant of his usual work in the usual manner. Hence: (1) If the Board, upon rehearing, should find that the claimant's injuries were the result of unusual exertion expended while performing a task not usual to his job, and if such findings should be supported by competent evidence, compensation would follow by the rule of *Durga v. Williams*, 89 Pa. Superior Ct. 156 (1926), of which *Barber v. Fleming-Raugh, Inc.*, 208 Pa. Superior Ct. 230, 222 A. 2d 423 (1966), and *Sosna v. Ford Motor Co.*, 192 Pa. Superior Ct. 456, 161 A. 2d 657 (1960), are additional examples. We are constrained to comment, however, that the record as now constituted contains slight, if any, proof that any work performed by the claimant on December 31, 1963 was a deviation

from his ordinary duties. The pulling or pushing of a lever, the only event referred to by the claimant in reporting his injuries to his employer and physicians, seem to be normal tasks of a stationary engineer. (2) One performing his usual duties in a usual manner may nevertheless be entitled to compensation if he sustains injuries which can be said to be an unusual and unexpected pathological result of such work. Perhaps the classic case applying this doctrine is *Wance v. Gettig Engineering & Mfg. Co., Inc.*, 204 Pa. Superior Ct. 297, 204 A. 2d 492 (1964), where a claimant who suffered a torn knee ligament while engaged in her normal work of pedaling a sewing machine was awarded benefits. Essential to an award in this class of case is, however, a finding that the claimant was a normal healthy workman before the event. *Findon v. Nick Chevrolet*, 204 Pa. Superior Ct. 99, 203 A. 2d 238 (1964) ; *Scannella v. Salerno Importing Co.*, 2 Pa. Commonwealth Ct. 11, 275 A. 2d 907 (1971). Therefore, the Board must consider whether the claimant's previous back injury was disqualifying. The matter of corroboration would apply here, for one claiming injury without accident in the lay sense while doing his usual work in the usual manner must produce more than his statement of the events and expert opinion based on that statement.

We affirm rather than quash the appeal from the court's order of remand because we believe that the court's opinion and order taken together amounted to direction of the award of benefits to the claimant. *Strickland v. Baugh & Sons Company*, 139 Pa. Superior Ct. 273, 11 A. 2d 547 (1939) ; *Messikomer v. Baldwin Locomotive Works*, 178 Pa. Superior Ct. 537, 115 A. 2d 853 (1955) ; *Barber v. Fleming-Raugh, Inc., supra.* Because, however, the case went off on the matter of corroboration, mistakenly believed to be supplied by prior consonant statements, and because no findings have been made pertaining to the issues of unusual

exertion or unexpected pathological result, the *order of remand* was the proper result in the court below and should be affirmed.

## ORDER

In addition to the numerous appeals taken below, the claimant has filed in this court not only a motion to quash the appeal from the order of the court below but a motion to dismiss the appeal from the order of the Board. The motion to quash is dismissed for the reasons above set forth, and the motion to dismiss, which assumes the propriety of the Board's order which we have found lacking in authority, is denied.

The order of the Court of Common Pleas of Philadelphia County to No. 245 C.D. 1972 is affirmed. On remand, the Board shall proceed in accordance with this opinion.

The appeal of the defendant from the decision of the Workmen's Compensation Board to No. 568 C.D. 1972 is sustained and the Board's order is set aside.