Thomas Gorman, Appellant, *v.* Sears, Roebuck and Company and Workmen's Compensation Appeal Board, Appellees.

Argued December 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Frank J. Kernan,* with him *Plowman and Spiegel,* for appellant.

*Richard C. Witt,* with him *Samuel P. Gerace, Robert C. Jones* and *Jones, Gregg, Creehan and Gerace,* for appellees.

OPINION BY JUDGE ROGERS, January 3, 1974:

Thomas Gorman, a workmen's compensation claimant, has appealed a decision of the Workmen's Compensation Appeal Board affirming a referee's denial of benefits for total disability. In the course of making a price estimate for the installation of a fence for a customer of his employer, Sears, Roebuck & Company, Mr. Gorman fell and injured two fingers of his right hand.[1] These injuries were totally disabling for two weeks. However, the claimant contends that the worry attendant upon and the anxiety over the injuries to his hand aggravated a serious and longstanding stomach disorder, resulting in total disability.

The accident occurred in March 1968. After two weeks of recuperation from the injury to his hand, the claimant returned and continued to work until February 1969, although during this time he was hospitalized once and was absent on other days with stomach trouble. The claimant's physician, a general practitioner who had attended him for many years, recited a history of stomach ulcers and operations therefor, dating back to 1952. He offered his professional opinion that the claimant was from February 1969 totally disabled by his stomach disorder and that this condition was substantially caused by tension and anxiety resulting from the accident and the injury to the claimant's fingers. He based his causation testimony on the asserted circumstance that for a year or so immediately prior to the accident the claimant's condition of health had been stable, although admitting that the claimant had been hospitalized and his gall bladder removed only three months before the accident. The employer's evidence was the testimony of a physician with a specialty in gastroenterology who reviewed the claimant's medi-

---

[1] There appears also to have been some purely temporary hurt to the back.

cal records and concluded that the claimant did not and had never suffered from an ulcer; had not, as the claimant's doctor testified, lost a portion of his stomach as the result of an operation; was not disabled as a result of the emotional trauma of the accident; and that no one except a psychiatrist would be competent to relate the claimant's symptoms of weakness, dizziness, stomach and other bodily discomfiture to anxiety and tension over the fall and injury to his fingers.

The referee found as a fact that "Any . . . disability [other than during the two weeks while the hand mended] the claimant suffers is in no way connected with the accident of March 9, 1968." This was clearly a finding concerning causality and a finding of fact within the exclusive power of the compensation authorities to make. *Gavandula v. Ryan Bros.*, 205 Pa. Superior Ct. 325, 209 A. 2d 13 (1965); *Drevitch v. Beverly Farms, Inc.*, 7 Pa. Commonwealth Ct. 1, 297 A. 2d 541 (1972). By this finding, the referee clearly rejected the causation opinion of the claimant's physician, as it was his prerogative to do,[2] even had this testimony been unquestioned.[3] The Workmen's Compensation Appeal Board affirmed this finding.

The claimant's argument on this appeal ignores this finding. It stresses the Board's statement that the claimant's physician's testimony was equivocal, unclear and insufficient to carry the claimant's burden of proving that the accident and injury caused the claimant's disability. This, the argument goes, indicates that the Board accepted the whole of his physician's testimony as verity but found it insufficient, a legal question subject to our review, citing *Corbeil v. A & P Stores*, 213

---

[2] *State Workmen's Insurance Fund v. Young*, 2 Pa. Commonwealth Ct. 423, 276 A. 2d 552 (1971).

[3] *Peron v. Phoenix Park Coal Company*, 202 Pa. Superior Ct. 495, 198 A. 2d 370 (1964).

Pa. Superior Ct. 1, 245 A. 2d 864 (1968). A review of the doctor's testimony, the claimant continues, will show that the physician's statement of his opinion was clear and unequivocal. There are two flaws in this argument. The first is that the Board did not state that it accepted the doctor's causation testimony; indeed its emphasis on his description of other anxieties suffered by the claimant suggests the Board's independent rejection of the doctor's opinion that claimant's worry over the injury to his fingers caused his disabling stomach trouble. Secondly, the Board, as we noted, affirmed the referee's finding that the accident and injury *did not cause* the claimant's disability.

The claimant's ingenious argument has caused us to review this record with particular care. We can find no capricious disregard of competent evidence supporting the appellant's claim.

The decision and order of the Workmen's Compensation Appeal Board is affirmed.

