Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Mrs. Paul's Doylestown Processing Co., and Liberty Mutual Insurance Company, Insurance Carrier, Appellees, *v.* Antonio Guzman, Appellant.

Argued March 7, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Joseph D. Shein,* with him *G. Rogers Bowers* and *Shein and Brookman, P.A.,* for appellant.

*Lawrence L. Robinson,* with him *Joseph R. Thompson,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, April 3, 1975:

Antonio Guzman suffered fractures of two ribs when he slipped on a wet floor and fell. On March 23, 1970 an agreement for compensation for total disability was executed. Guzman was treated by a physician on an almost daily basis until about April 9, 1970 when he was discharged from care because, in the doctor's opinion, he was fully recovered. On April 10, 1970 Guzman returned to work but left after a period of not more than two hours claiming that the symptoms of his injuries were disabling. On May 11, 1970 the employer filed a petition for termination of the agreement averring that all disability had ceased on April 10, 1970. On May 18, 1970, although the agreement for compensation remained in effect, Guzman filed a claim petition for compensation for disability. On June 11, 1970, the employer filed an answer to the claim petition and on July 27, 1970 the claimant filed an answer to the petition for termination.

Both the claim and termination petitions were assigned to a referee. The first of several hearings was not conducted until October 4, 1972. The employer adduced the testimony of the treating physician that as of about April 9, 1970 Guzman was entirely healed, without discomfort and able to work. On March 14, 1973, the claimant adduced the testimony of a psychiatrist, who, based on a one hour's examination of Guzman on February 7, 1973, part of which time was spent conducting a physical examination, formed the opinion that Guzman, although physically and neurologically normal, was suffering from disabling hysteria or conversion reaction symptomized by dejection, depression, tension, bewilderment and helplessness caused by the accident.

The referee, obviously rejecting the psychiatrist's testimony, found that Guzman was able to resume his regular employment on April 10, 1970, dismissed the claim petition and granted the petition for termination. The Workmen's Compensation Appeal Board affirmed.

Although the claimant's counsel at the outset of the first hearing noted that a claim petition had been filed although there was an existing agreement which the employer had petitioned to terminate and declared that the claim petition should be withdrawn, the only question he presents for our consideration is that of whether the referee capriciously disregarded competent evidence "in failing to consider that part of the testimony of a board certified psychiatrist that claimant was totally disabled as the result of a traumatic neurosis." The employer contends that since its petition for termination was granted our function is simply to determine whether the referee's findings are supported by competent evidence.

The rule, of course, is that where the referee has found in favor of the party bearing the burden of proof our review is limited to a determination of whether the findings are supported by competent evidence. *Connelly Containers, Inc. v. Gahan,* 8 Pa. Commonwealth Ct. 76, 301 A.2d 415 (1973). This would apply to the employer's petition for termination. Where the referee has found against the party with the burden, the question for the reviewing court is whether the order can be sustained without a capricious disregard of competent evidence. *Drevitch v. Beverly Farms, Inc.,* 7 Pa. Commonwealth Ct. 1, 297 A.2d 541 (1972). This would apply to the claimant's petition for compensation.

The referee's finding that Guzman was, on April 9, 1970, fully recovered from his injuries is obviously fully supported by the treating physician's testimony and justifies the grant of the petition for termination. His dismissal of the superfluous claim petition was proper if his rejection of the psychiatrist's testimony was not a capri-

cious disregard of competent evidence. In this connection, we note that it is the prerogative of the referee to weigh the testimony of witnesses and to accept or reject it in whole or in part and that he is not required to accept the testimony of any witness, even though uncontradicted. *Peron v. Phoenix Park Coal Company*, 202 Pa. Superior Ct., 495, 198 A.2d 370 (1964). Further, the psychiatrist's testimony was directed to the cause of Guzman's asserted condition of disabling hysteria or conversion reaction. We have held that findings concerning causality are within the exclusive power of the compensation authorities to make. *Gorman v. Sears, Roebuck & Co.*, 11 Pa. Commonwealth Ct. 428, 314 A.2d 351 (1974). The psychiatrist's opinion that the claimant's accident caused his asserted disability by reason of hysteria or conversion reaction, was, as we have mentioned, based upon a one hour's examination conducted almost three years after the accident which moreover confirmed the treating physician's finding that the claimant has no physical or neurological problems related to the accident. The rejection of this opinion by the referee was not a deliberate disregard of competent testimony so flagrant as to be repugnant to a person of reasonable intelligence. *Bear v. Hartan's Sales and Service*, 9 Pa. Commonwealth Ct. 139, 304 A.2d 178 (1973).

Affirmed.