Kovatch et ux., Appellants, *v.* Durkin et al.

Argued October 18, 1934.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Samuel Kagle*, and with him *George C. Klauder*, for
appellants.

*Arthur T. Porteous*, for appellee.

Opinion by Stadtfeld, J., February 1, 1935:

This is a workmen's compensation case. The referee
made an award in favor of claimants, appellants here,
parents of a deceased son, and found that the parents
were *totally* dependent on said son at the time of his
death, and as such were entitled to receive 45% of
$20.25, the average weekly wage of the son, or the sum
of $9.11 per week compensation for the period of 300
weeks. The board on appeal affirmed the award. The

court of common pleas, on appeal, in an opinion by Lewis, J., modified the award by finding that the claimants were only *partially* dependent, and reduced the award to $5 per week, the maximum allowance for partial dependency. The opinion states: "With regard to the question of dependency, while this is a question of fact, yet the evidence clearly shows the parents had a home of their own, and thus as to shelter were not dependent upon their son. The home presumably had a substantial rental value and this fact can not be ignored."

The claimants, Frank Kovatch, sixty-nine years of age, and Sophia Kovatch, his wife, sixty-six years of age, are parents of Daniel Kovatch, who died on February 27, 1933 as a result of burns received while employed on a road repair job. On May 3, 1933, a claim petition was filed by claimants, alleging that they were totally dependent upon the decedent for support.

It was claimed that at the time of his death, Daniel Kovatch, the decedent, was the sole support of his aged parents. He lived with his parents at their home at 1204 South 46th Street, Philadelphia. His father, on account of physical infirmity, had not been gainfully employed for thirteen years prior to the death of decedent. The mother was a housewife.

There was testimony that the deceased employe was the only wage earner in the household and that the parents were dependent upon the earnings of Daniel for their support, and they testified that they had no other source of income or revenue whatever. The testimony of the parents was corroborated by Marion Kovatch and Frank Kovatch, children of claimants.

It also appeared that the parents, claimants, owned their home, unencumbered and assessed at either $4,000 or $4,500, but from which they derived no revenue.

The sole question is whether the claimants were

*wholly* or only *partially* dependent upon their deceased son.

The Workmen's Compensation Act, Section 307, subdivision 5, as amended, provides, inter alia, as follows: "5. ' If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of five dollars per week:...... And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be forty-five per centum of wages, but not in excess of ten dollars per week."

Although the question of dependency is primarily one of fact and under the statute, a question of fact must be determined by the referee and the compensation board: Hallman v. Starr Printing Co., 70 Pa. Superior Ct. 562, 564; Todd et ux. v. Lehigh Valley Coal Co., 297 Pa. 302, 146 A. 893, there are admitted facts in the record which cannot be overlooked.

The record discloses that about two or three months prior to Daniel's death, claimants paid off $1,000 to clear the house.

The referee has found that the decedent, Daniel Kovatch, was working in the employ of the defendant, as a shovel operator, upon a stagger system of employment, at an average weekly wage of $20.25.

Claimants testified that the living expenses of the family at the time of Daniel's death amounted to about $50 per week; that they are living now in about the same manner and it still costs them the same amount and that they have not been running any bills. There are five sons and two daughters living, all of mature age, and while some are unemployed at present and others are said to be unable to work on account of illness, some of them should be able to contribute, if

necessary, to the support of the parents. The circumstances would tend to indicate that claimants had some other source of income besides the earnings which they had received from the deceased son. Under any circumstances, they own the home, which is unencumbered and worth $4,000 to $4,500, and they cannot be said to have been *totally* dependent upon the son who died.

The language of the Workmen's Compensation Act is very clear and explicit, and we cannot say that the court erred in sustaining exceptions to the award of the board and of modifying the award by reducing the same to $5 per week, the maximum allowance for partial dependency.

The assignments of error are overruled and judgment affirmed.