## Feldman, etc., v. Pictorial Review-Women's World Publishing Company

*Blanc & Steinberg*, for plaintiff.

*F. R. Ambler*, for defendant.

GORDON, JR., P. J., February 27, 1936.—We reversed the Workmen's Compensation Board in this case because we are of opinion that the claimant, the mother of the deceased employe, was dependent upon the employe at the time of the accident, notwithstanding the board found that he was not actually contributing to the support of his mother at the time of the accident which caused his death. It is true that the trend of judicial decision in this State has been toward denying compensation to parents, unless they are actually receiving support from the child. We find no case, however, in which dependency has been declared not to exist under circumstances like the present. Here an aged, indigent and insane mother, a pauper in fact, with no means for securing the bare necessities of life except by recourse to her children, was maintained by the charity of the State in an insane hos-

pital for many years before her son, who had not actually supported her for reasons either of misfortune or neglect, was killed in an accident suffered during the course of his employment. If ever dependency upon a child existed—real, genuine and in the completest degree—it existed in this case. This is the perfect example of utter and absolute dependency.

It would seem, from the evidence, that the deceased son's failure to pay anything to the State for his mother's maintenance at the hospital may have been due to economic distress, rather than to callous indifference to her welfare. But, whether or not his failure to do so was excusable, is dependency to be determined by one's willingness to perform a duty, rather than by the need for such performance? We think not. In the case of a widow, separated from her husband at the time of death, the act requires an "actual" dependency to entitle one to compensation. In the section of the act relating to parents, however, the word "actual" is omitted, and the right to compensation is given if the parents are "dependent to any extent" upon the child. This would seem to indicate a legislative intent to make the need of support the ultimate test of dependency, rather than the actual payment thereof. Yet the language of some of our appellate decisions has apparently read into the section relating to parents the limiting word "actual". The reason for the omission of that word in the case of parents lies in the difference between the obligation of a husband to support his wife and that of a child to its parents. In the former, the husband's duty is contractual, and exists regardless of her resources, while in the latter, the child's obligation arises only when the parent actually needs support. Parents who are able to maintain themselves from their own resources have no right to require their children to support them. It may be conceded that, generally, the actual payment of money for the support of a parent is the best proof of dependency. But dependency is a fact arising from the condition of the parent, and

not from the acts of the child, and we do not think that the legislature intended, or that judicial decision would hold, that a lunatic parent, incapable of self-support, is not dependent upon a child, merely because the latter has not furnished the necessities of life to his parent, whether his failure to do so is attributable to poverty or neglect. Is a starving mother to be denied the rights of dependency and relegated to the position of a beggar for the charity of the world, because she had in her son a weak reed to lean upon? This has never yet been held by our courts, and we hope it never will be. For the foregoing reasons, we think the claimant in this case was entitled to the compensation for which she asked.

In addition, it was testified, without contradiction, that at a meeting of the children sometime before the employe's death, plans were laid to take their mother out of the hospital, and to provide a home for her with her deceased son. For this purpose the decedent had been putting aside out of his wages a regular sum to create a fund sufficient to furnish a home for his mother and himself, and at the time of his death had accumulated in the hands of another brother some $290. When he died, none of the money so put aside had yet been used, and after his death part of it was used by the brother to bury him. Here, it seems to us, was a clear recognition by the deceased of his obligation to support, and, in part, an actual discharge of that obligation. It was a contribution to a trustee toward the support of the mother, deferred perhaps as to enjoyment, but none the less a present actual application of a part of his savings to her maintenance. In these circumstances, it is rather startling to hear it argued that the mother was not the recipient of support from her son merely because she did not receive the money immediately, and, after the son's death, the trustee brother diverted it from the purpose to which the deceased dedicated it. We think this in itself was an actual contribution to her support, notwithstanding the conclusion of the board that it was not. We prefer, how-

ever, to ground our decision upon the position first taken, without regard to the payments made by the son before his death.

In conclusion, it may be stated that we awarded only partial compensation, first, because she was not entirely supported by the deceased, and second, because the other children were under a like obligation to support her, and hence the measure of the dependency was only partial as to the deceased: Kovatch et ux. v. Durkin et al., 116 Pa. Superior Ct. 192.

It was for the foregoing reasons that we reversed the decision of the Workmen's Compensation Board and entered judgment for the claimant.