## Fawson, Appellant, *v.* Sterrick Creek Coal Company.

Argued September 28, 1937. 

 Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ. 

*E. C. Marianelli,* for appellant.

*John R. Wilson,* for appellee, was not heard.

OPINION BY CUNNINGHAM, J., November 17, 1937:

Stella Fawson, the appellant herein, fifty-eight years of age, is the widowed mother of Nicholas Fawson (unmarried and twenty-two years of age) whose death resulted from injuries accidentally suffered in the course of his employment at one of the breakers of the defendant coal company.

Claiming that she was "totally dependent upon the deceased employe at the time of the accident," appellant filed her petition for compensation under Section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as finally amended April 26, 1929, P. L. 829, 77 PS § 561. As the employee's wages approximated $24 per week (77 PS § 581), her claim was for the maximum allowance of $10 per week during the prescribed (77 PS § 542) period of three hundred weeks—a total of $3,000.

The statutory provisions here involved read: "If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of five dollars per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be forty-five per centum of wages, but not in excess of ten dollars per week."

It was not controverted by the employer that contributions had been made by the deceased adult son toward the support of appellant, nor was it questioned

that they were needed to provide her with the ordinary necessaries of life suitable for a person in her class and position. Indeed, the answer to the claim petition frankly admitted the employer "is liable for partial dependency," but specifically denied that appellant was totally dependent.

In the case of *Feldman v. Pub. Co. et al.,* 122 Pa. Superior Ct. 491, 186 A. 308, we considered at length the meaning of the word "dependent," as used in the above quoted paragraph of the statute. It is apparent from that case, and those therein cited, that the existence of dependency and its extent are questions of fact which must be determined under the circumstances appearing of record in the case then at bar, and that it is impossible to frame general definitions applicable to all cases.

The uncontradicted testimony at the hearing before the referee was to the effect that the immediate family, at the time of the accident, consisted of appellant, a married son, John, and his wife, an unmarried and unemployed daughter, Mary Susanna, eighteen years old, and the decedent; that they lived in an unencumbered property worth from $2,000 to $2,500, the title to which had vested in them when the husband and father died some six years prior to the accident; and that John, although earning at least $15 per week, neither paid any rent for the portion of the house occupied by him nor contributed toward the support of appellant, but did purchase the groceries and meats used by his wife and himself. Another daughter, Anna, was married and living in her own home.

Appellant testified her store bill for groceries, etc., averaged from $25 to $30 per week, and her weekly meat bill $6. When her testimony, relative to the amounts she paid for taxes, water rent, light, coal, and milk, is adjusted to a weekly basis, it is apparent that her expenses, incident to the maintenance of the home, amounted approximately to $40 per week. Her state-

ment was that her deceased son had regularly turned over to her his total wages, out of which she bought all his clothes and gave him from $3 to $5 every pay day for spending money.

In several respects this case is comparable to that of *Kovatch et ux. v. Durkin et al.*, 116 Pa. Superior Ct. 192, 176 A. 507, in which the court below modified an award to the parents of a deceased employee from the maximum allowance for total dependency to the allowance for partial. There, the evidence indicated that the average wage of the employee was $20.25 and the living expenses of the family $50, per week; that there were other children, some of whom should be able to contribute if necessary to the support of the parents; and that the parents owned a home which was unencumbered and worth from $4,000 to $4,500. It was pointed out in the opinion of the court below in that case that the parents were not dependent upon their son for shelter and that the home presumably had a "substantial rental value."

It is true, as argued by counsel for appellant in the case at bar, that there is no evidence here of any rental value of the real estate, but it is also true that here, as there, the usual weekly expenditures of appellant for the maintenance of the family were nearly double the wages earned by the deceased employee—a circumstance which negatives the contention that appellant was solely dependent upon him.

Another factor appearing from the evidence is that appellant's son John was at the date of the hearing employed in the position occupied by his deceased brother at the time of the accident. His earning capacity, and legal obligation to contribute to the support of appellant, are matters which were proper for the consideration of the compensation authorities.

In the light of the evidence in this case, the referee made, and the board affirmed, an award for partial dependency at the rate prescribed by the statute—$5 per

week. The only question of law involved upon this appeal is whether there was evidence to support the findings of fact of the compensation authorities and whether the law was properly applied thereto. It is apparent from the above summary of the evidence that the court below was entirely justified in concluding that the findings were supported by evidence, and in entering judgment upon the award.

Judgment affirmed.