Makar et ux., Appellants, *v.* Sullivan Trail Coal Company.

Argued March 6, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, and RHODES, JJ.

*Roger J. Dever,* for appellants.

*Frank J. Flannery,* for appellee.

OPINION BY RHODES, J., April 12, 1939:

Appellants' son met with a fatal accident on August 24, 1936, while in the employ of defendant. On October 29, 1936, appellants filed a claim petition for the maximum compensation allowed under section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by Act of April 26, 1929, P. L. 829, §3, 77 PS §561. The basis of the claim was that they were totally dependent upon deceased at the time of the accident. Defendant's answer admitted partial dependency, and set forth that agreements for partial dependency had been drawn up and offered to appellants, but they had refused to sign the same. The referee concluded that appellants at the time of their son's death were totally dependent upon him for their support and maintenance, and were entitled to compensation as such dependents, and made an award accordingly. The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and award. On appeal to the court of common pleas by defendant the court directed that judgment be entered against defendant for an amount based upon partial dependency. This appeal by claimants followed.

"As was pointed out by this court in *Feldman v. [Pictorial Review-Women's World] Pub. Co. et al.,* 122 Pa. Superior Ct. 491, 186 A. 308, a finding of the extent of dependency becomes a mixed question of law and fact, as it involves the legal meaning of the phrase 'totally dependent' as used in the statute. Where, as here, dependency is admitted, its extent primarily depends upon the facts of each individual case and no general rule applicable to all cases can be laid down":

*Kloskowski et ux. v. Hudson Coal Co.*, 130 Pa. Superior Ct. 490, at page 495, 198 A. 689, at page 690.

The basic facts are not disputed, and are found by the referee as follows:

"The father, Stephen Makar, has been idle for a period of about five years; the mother is ill; Josephine, a daughter, age 24 years is an employe of the General Cigar Factory at a weekly wage of $11.92 and contributes to the household the sum of $5 per week for board.

"Albert Makar, who has been suffering a spinal affliction since childhood has earned an average of $32.70 for a period of between four and five months prior to the death of the decedent; and that such were the first moneys he had earned and had given to his father.

"The total amount of moneys contributed to the household of the claimants amounted to the approximate sum of $2,000 to which sum of money the decedent contributed $1,658.88 in wages.

"The amount of moneys expended during the year for necessities including groceries, meats, insurance, physician's charges, church dues, taxes, coal, fire and life insurance amount to the approximate sum of $1,500.

"The dwelling was owned by the claimants but was encumbered by a mortgage loan of $300."

In the Kloskowski case, supra, we said that the phrase "totally dependent" as used in section 307 (5) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by Act of April 26, 1929, P. L. 829, §3, 77 PS §561 (5), "is equivalent to 'without any other source of income or livelihood.' "

From the facts found by the referee and board, as recited above, it is manifest that appellants, at the time of their son's death, were receiving income from two other children, which, when added to the contributions of deceased, not only enabled appellants to meet all the expenses of life, but also left a considerable balance.

Although encumbered to the extent of $300, they owned their own home, which was insured for $2,000. We do not see how this situation leaves any room for the contention that claimants were "totally dependent" upon their deceased son. The board's action cannot be sustained on what may possibly happen in the future, or on probabilities that may never materialize.

We agree with the conclusion of the court below, as set forth in its opinion, that "the uncontradicted evidence shows that the claimants were, in fact, not totally dependent upon the decedent's earnings," and that "a finding that they were totally dependent upon the same is not supported by, but is rather disproved by the testimony."

Assignments of error are overruled, and judgment is affirmed.