Kloskowski et al. *v.* Hudson Coal Company, Appellant.

394

Argued March 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Rudolph S. Houck,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY STADTFELD, J., April 18, 1941:

This is a claim under the Workmen's Compensation Act by Michael and Josephine Kloskowski, parents of Peter Kloskowski, deceased, who was employed by appellant, The Hudson Coal Company, at the time of his death, which resulted from injuries by accident sus-

tained in the course of his employment. The claim petition alleges that claimants were totally dependent upon Peter Kloskowski. Appellant's answer admits partial dependency but denies claimants were totally dependent upon their deceased son.

This case was originally heard by the referee who awarded compensation to claimants for total dependency. The referee's findings and award were affirmed by the Workmen's Compensation Board and the Court of Common Pleas of Lackawanna County on November 22, 1937, in an opinion by HOBAN, J., dismissed defendant's appeal and entered judgment on the award. The defendant then appealed to this court.

Upon such appeal, the evidence and findings disclosed that claimants had no income except from the deceased son, but owned the dwelling house in which they lived, free of debt or encumbrance. There was no evidence, however, of the condition of repair of this dwelling house or of its assessed, market or rental values. Under date of April 13, 1938, this court, in an opinion by Judge CUNNINGHAM, vacated the judgment and returned the record to the lower court, to be by it remitted to the Workmen's Compensation Board for more specific findings of fact: *Kloskowski v. Hudson Coal Co.,* 130 Pa. Superior Ct. 490, 494, 198 A. 689.

Thereafter, the case was remanded by the board to Referee Hanahue, before whom the case was originally heard, but prior to hearing, he was succeeded by David W. Phillips, Esq., as referee for the Third Compensation District. Further testimony was taken before Referee Phillips on September 26, 1939. The facts as now disclosed by the record are as follows:

Claimants' deceased son, Peter Kloskowski, died September 16, 1936, as the result of injuries received from a fall of rock in appellant's Jermyn Colliery on the same day. He was twenty-eight years of age, lived with his parents and always gave his pay to them,

Claimants had no income except what the deceased son gave them, and had nothing in the bank. The father, claimant Michael Kloskowski, was sickly and had not worked for about four years. Besides the deceased son, claimants had three daughters, Helen and Celia, aged nine and thirteen years, respectively, who were going to school, and Mary, who had married about a month before Peter's death. The married daughter, Mary, had worked in a silk mill until it closed down in April, 1936, earning six or seven dollars a week, which she spent on herself, giving none of it to her parents. Mary's husband, like the deceased son, worked for appellant whenever the mines worked and during September, 1936, earned $81.56, but he paid no board for either himself or wife and contributed nothing toward maintaining the expense of the home. Since the first hearing in this case, Mary and her husband have moved to Chicago.

Claimants' living expenses were approximately $102 per month. It was agreed that the deceased son's "wage rate" (computed upon the basis required by the Compensation Act) exceeded the maximum, but there is no evidence as to his actual earnings.

Claimants stated in their direct testimony that they own the home in which they lived and that it is unencumbered and clear of debt. It is located at 300 Gorham Street in the Borough of Mayfield, Lackawanna County, and consists of a lot 50 feet by 150 feet, and a two-story frame house of nine rooms and basement, plastered and equipped with everything, including running water, bathroom, electric lights and furnace.

At the rehearing before Referee Phillips in 1939, it was developed that claimants bought the property at 300 Gorham Street, Mayfield, sixteen years ago for $4,000 and had spent $2,000 in improvements upon it. Mrs. Kloskowski placed its present value at $5,000. It is assessed at $1225 on an average assessment ratio for the borough of about 30% of market value. Defend-

ant's real estate expert gave it a market value as of September, 1936, of $3,000 and a rental value of $25 per month, and this latter value and rental was accepted and found by the referee.

No evidence as to the condition of repair of the dwelling house as of September, 1936, was offered, but at the date of hearing in September of 1939, the house needed about $10 worth of repairs to the siding, and repainting and reroofing; otherwise it was then in fair condition. Claimants have not the money to fix the house for renting. Claimants kept boarders about fifteen years ago, but not after their children grew up.

Referee Phillips found most of the foregoing facts and concluded that claimants had no source of income or livelihood except that provided by the earnings of the deceased son, and that claimants were totally dependent upon him for support, and made an award in their favor for compensation at the rate of $10 per week for 300 weeks. Defendant thereupon appealed to the Workmen's Compensation Board, excepting to the said conclusions and award, and under date of June 7, 1940, the board, in an opinion by Chairman Murphy, struck out the referee's conclusions of law and award of compensation, dismissed defendant's exceptions or objections to the referee's findings of fact and ordered the record returned to the court of common pleas for decision of the questions of law raised by defendant's appeal. Under date of December 31, 1940, that court, in an opinion by HOBAN, J., dismissed the defendant's appeal and entered judgment against it for the amount of the award for total disability; hence the present appeal to this court.

The only question upon this appeal is whether claimants are entitled to compensation for total dependency.

The question of the extent of dependency must be determined under the circumstances appearing of record in this case. It is impossible to frame general definitions applicable to all cases.

The important findings of the referee are the 6th and 12th, which are as follows: "6. That the claimants had no source of income or livelihood except that provided by the earnings of the decedent ...... 12. That the property owned by the claimants is a single dwelling, that they have never received any income from the rental of any part thereof and that to secure an income from the rental of a part of the house would necessitate expenditures of money the claimants do not have."

If the property owned by claimants, in order to produce rental, require repairs, which they cannot make because of a lack of income, it cannot be considered income producing. In addition, even if the property were in a condition under which a rental could be realized, we should not lose sight of the fact that there are necessary disbursements from time to time for taxes, insurance, and recurring necessity for repairs. Even were the circumstances such as would permit the building being put in a condition so as to yield a rental, it does not appear that after these charges there would be an income for claimants.

The referee found that the parents were totally dependent on the son's earnings and that as a matter of law they are to be compensated as totally dependent parents, under the provisions of Section 307 of the Workmen's Compensation Law of June 2, 1915, P. L. 736, art. 3 as amended (77 PS §561), and made an award accordingly. These findings of fact and conclusions of law were affirmed by the board, and judgment on the award entered in the lower court.

Quoting from the opinion of the court below by HOBAN, J., "We are of the opinion that the facts as developed by the referee justify the conclusion that these claimants were in fact totally dependent upon their deceased son at the time of his death, and that they were then without any other source of income or livelihood. In all Pennsylvania cases which have been cited to us which consider the question of the ownership of

a dwelling house as affecting the question of total dependency, there was either proper evidence, or a reasonable inference, that the earnings of the decedents were supplemented by other income to the claimants which enabled them to maintain their household. Here, there is not a bit of such evidence, nor is there any from which a reasonable inference could be deduced that there was at the time of the death of claimants' son any expectancy of income. ...... The assessed value is quite low, and the market value does not, in our opinion, indicate a property of such worth that its intrinsic value should warrant its consideration as an income producing asset sufficient to negative the idea of total dependency. For the reasons stated above, we are of the opinion that the facts in this case as reported by the referee are founded on sufficient competent evidence and justify the conclusion of law that the claimants at the time of the death of their deceased son Peter were totally dependent upon him for their livelihood, and that the award of the Workmen's Compensation Board based on total dependency was correct."

Quoting also from the opinion of Judge CUNNINGHAM of this court in the report of this case remanding the same for further testimony, reported in 130 Pa. Superior Ct. 490, 496, 198 A. 689: "We think the phrase 'totally dependent', as used by the legislature, is equivalent to 'without any other source of income or livelihood.' We agree that a court should not lay down, as applicable to all cases, a rule that 'mere ownership' of a dwelling house is sufficient, without evidence of its condition of repair, availability, in whole or in part for rental purposes, market value, assessed value, and other material facts, to negative the idea of total dependency."

The additional testimony adduced on the re-reference, does not, in our opinion, negative the idea of total dependency.

The assignments of error are overruled and judgment affirmed.

KELLER, P. J. and HIRT, J., dissent.