Rowbottom et al., Appellants, *v.* Eichleay
Engineering Corporation et al.

Argued April 23, 1941.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
RHODES, HIRT, and KENWORTHEY, JJ.

178

*Clarence A. Patterson,* for appellants.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

OPINION BY BALDRIGE, J., July 1, 1941:

The only question involved in this workmen's compensation case is one of dependency.

Francis Rowbottom, age 23, sustained a serious accidental injury on December 28, 1938, while in the course of his employment. An open compensation agreement was entered into under the provisions of section 306(a) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §511. Payments were made thereunder until the date of the death of the employee on May 31, 1939. Thereafter his widowed mother and sister, Ursula, who was then 16 years of age, filed a claim alleging total dependency. The referee found the mother to be totally dependent, but no award was made to the sister and no appeal was filed by her or in her behalf. The defendant appealed to the board. It set aside the referee's findings and made an award to the mother for partial dependency and found that as a fact the sister was not actually dependent upon the decedent as she was supported by the family fund to which both the decedent and his brother John had made contributions. The court below dismissed exceptions filed by the claimants to the board's findings and conclusions. This appeal followed.

Section 307, paragraph 6 of the Act of June 4, 1937, P. L. 1552, §1, 77 PS §561, reads as follows: "If there be neither widow, widower, children, nor dependent parent, entitled to compensation, or if the widow, widower, children or dependent parent are not receiving the maximum compensation payable under this act, then to the brothers and sisters until the age of eighteen, if *actually dependent* upon the decedent for support *at the time of his death* fifteen per centum of wages for one

brother or sister, and five per centum additional for each additional brother or sister, with a maximum of twenty-five per centum, ......" (Italics supplied)

At the time of the accident Francis Rowbottom was living in Pittsburgh and the claimants' home was in New Castle. He had been in the employ of the defendant only two weeks. Under the mother's testimony he worked full time the first week, received $28 and sent her $13; he was employed but part of the time during the second week and sent her $7. Prior thereto the decedent had worked irregularly on account of economic conditions. When previously employed at various places he generally lived at home and gave to his mother, who managed the family fund, all his wages, which, when steadily working, varied from $18 to $28 per week.

In addition to the decedent the mother had five other children: Bernard, who is married and has a family, earns about $20 per week, but does not contribute toward the support of his mother; two minor daughters attending school; James, an invalid, is unable to work and has not earned anything to contribute toward the support of his mother for more than three years; and John, an adult son living at home. The board found that John had been paying regularly $10 a week to the family fund, which amount was used for his board and clothes, and the balance for the support of the mother and family.

The mother stated that it required about $125 per month to maintain the family. It is obvious that Francis, who was idle for long periods and whose wages never exceeded $28 per week and a portion of the time much less, was not the sole support of the mother and sister.

In passing upon the question of dependency the monthly budget of the family and the money received from sources other than the wages of the deceased son,

were important factors for the board's consideration: *Kovatch et ux. v. Durkin et al.*, 116 Pa. Superior Ct. 192, 176 A. 507. In *Fawson v. Sterrick Creek Coal Company*, 129 Pa. Superior Ct. 245, 195 A. 165, we said, speaking through Judge CUNNINGHAM: "...... but it is also true that here, as there, the usual weekly expenditures of appellant for the maintenance of the family were nearly double the wages earned by the deceased employee—a circumstance which negatives the contention that appellant was solely dependent upon him."

It is no doubt true, as appellants argue, that a portion of the money that John paid his mother was necessary for his maintenance, but the conclusion is inescapable that the mother was not totally dependent upon one son, as she had some support from the other.

Total dependency within the meaning of the Workmen's Compensation Act is equivalent to "without any other source of income or livelihood." *Kloskowski et ux. v. Hudson Coal Company*, 130 Pa. Superior Ct. 490, 496, 198 A. 689; *Makar et ux. v. Sullivan Trail Coal Company*, 135 Pa. Superior Ct. 317, 319, 5 A. 2d 595. The board having found upon legally competent evidence that the mother was only partially dependent, and that the sister was not actually dependent upon the deceased, but was supported by the family fund, we have no alternative than to sustain the findings of fact as we cannot substitute our judgment for that of the board. In *Cardone v. Jennings*, 133 Pa. Superior Ct. 318, 2 A. 2d 590, cited by the appellant, the board found total dependency and we affirmed as we were concluded by that finding of fact. Here, we do not have such a favorable finding for the claimants.

The appellants argue that we have the right to modify the award made by the board as the matter under review involves a question of law as well as fact, and that issues of fact or credibility of witnesses are not in dis-

pute. It is true dependency is a mixed question of law as well as fact if there is involved the question of the meaning of "dependency" but primarily it is one of fact. The solution of the controversy before us does not depend upon the construction of the language of the statute, but upon facts adduced before the board, viz, the extent and necessity of the contributions in this particular case.

We said in *Feldman v. Pictorial Review—Women's World Publishing Company et al.*, 122 Pa. Superior Ct. 491, 497, 186 A. 308, 311: "It is true that dependency is a factual question in the ordinary case. If the controversy hinged upon a finding that contributions were or were not received, or that the parents did or did not need such contributions to supply them with the ordinary necessities of life, the findings of the compensation authorities on such issues would be final."

The findings of the board relative to the dependency of the sister, Ursula, are likewise binding upon her as they are upon the mother and this court. It might be stated further that section 307, paragraph 6, heretofore quoted, does not make any provision whatsoever for partial dependency of a sister; it simply provides in part that under certain conditions compensation shall be paid to brothers and sisters until the age of 18 years "if *actually dependent* upon the decedent for support *at the time of his death*" (italics supplied) which in this case, as we pointed out, was May 31, 1939. There was no direct evidence on this record that Ursula was even partially dependent upon her brother Francis at that time. Furthermore, if the legislature had intended to provide for partial dependency of a sister, they no doubt would have expressly so stated. It did so for parents in paragraph 5 of section 307, supra, where it states that the "father or mother, *if dependent to any extent* upon the employe at the time of the accident" shall receive compensation. (Italics supplied) The ab-

182

sence of language of similar import in paragraph 6 convincingly indicates that it was not the law makers' intention to allow compensation for partial dependency under facts before us.

For the reasons we have stated the assignments of error are overruled and the judgment of the court below affirmed.