## Mattis et ux. *v.* Arcadia Coal Company et al., Appellants.

Argued March 10, 1942.

Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude
T. Reno,* Attorney General, for appellants.

*Robert H. Arronson,* for appellees.

OPINION BY BALDRIGE, J., April 15, 1942:
The compensation authorities found that the claim-
ants were totally dependent for support upon their
deceased son, John Anthony Mattis, at the time of an
accident, which proved fatal, and granted an award

·at the rate of $9.88 per week for 300 weeks. This appeal is from the order of the court sustaining that award.

The appellants do not dispute the fact that deceased was fatally injured in the course of his employment with the Arcadia Coal Company and concede a liability for partial dependency, but contend that the facts adduced do not justify the finding that the parents were totally dependent for support upon him at the time of the accident.

The question of dependency, when there is a controversy as to whether or not contributions were received by parents or that they did or did not need them, is ordinarily one of fact and the findings of the compensation authorities, if supported by competent and substantial evidence, are final of such issues. The extent of dependency, however, is a mixed question; one of law as well as of fact: *Cardone v. Jennings,* 133 Pa. Superior Ct. 318, 322, 2 A. 2d 590.

We have said frequently that the dependency is based necessarily upon the circumstances in each particular case. When the uncontradicted facts of record show that the parents were partially, and not totally, dependent, the court will review the testimony and, if necessary, modify the award accordingly: *Kovatch et ux. v. Durkin et al.,* 116 Pa. Superior Ct. 192, 176 A. 507.

The uncontradicted testimony offered in this case ·shows that John, at the time of the accident, was 23 years of age. The family at home then consisted, in addition to the father and mother, of the deceased son: Stanley, 22 years of age; Mary 18 years; and Charles, 17 years. Two adult daughters of the claimants, Catherine and Anna, were living in Philadelphia, steadily employed as domestics receiving $8 and $7 respectively per week, plus their board and lodging. Each had been saving $3 per week from her income, but neither contributed to the support of the claimants.

Michael, Jr., the oldest son, was married and living with his wife and three children. There is nothing of record that indicates he was able to pay any sum to his parents. Stanley was earning approximately $18 per week and paid his parents $4 per week for his board, lodging, laundry, etc. He had refused to contribute anything further toward the expenses of maintaining the home. He testified that from his earnings he allowed himself $7 per week for gas and upkeep of his car, $6 for amusements, and $1 for clothes. In other words, he was spending on his car and for entertainment over 3 times the amount he was paying to his parents for his board, lodging, etc. He undoubtedly had some financial ability to warrant helping maintain his parents. Mary and Charles were attending school and had no employment. John, the deceased son, contributed his entire earnings, which amounted to an average of $21.95 per week, to his parents, who in turn gave him $1 a week for spending money. The money received from him had been insufficient, apparently, to maintain this household. At least the father, at the time of the accident, owed back rent amounting to a sum between $80 and $100.

The Act of 1937, June 24, P. L. 2045 §3, 62 PS §1973, requires children, if of sufficient financial ability, to support indigent parents. The father of this deceased son was suffering from miner's asthma, which totally disabled him from working and the mother did not have earning power. In such circumstances, not only Stanley, but the adult daughters, who were capable of rendering financial aid to the claimants, could have been called upon and compelled to contribute toward their support. That is an obligation imposed upon them by law, which they should recognize. The earning capacity of children, and their legal obligation to contribute to the support of indigent parents, are matters to be considered by compensation authorities: *Fawson v. Sterrick Creek Coal Company*, 129 Pa. Su-

perior Ct. 245, 248, 195 A. 165. "'Totally dependent' is equivalent to 'without any other source of income or livelihood.'" *Kloskowski et ux. v. Hudson Coal Company*, 130 Pa. Superior Ct. 490, 496, 198 A. 689. Here there was another available, but not active, source, which should be tapped.

The facts before us show that the parents were partially dependent, within the terms of the statute, upon Stanley and the two older daughters, notwithstanding they had not been making any contributions toward their support: *Feldman v. Publishing Company et al.*, 122 Pa. Superior Ct. 491, 186 A. 308; *Norris v. Philadelphia Life Insurance Co. et al.*, 137 Pa. Superior Ct. 293, 296, 9 A. 2d 159.

In *Creasey v. Phoenix Utilities Company*, 276 Pa. 583, 120 A. 659, it was held that a wife was dependent although her husband failed to pay anything toward the support of herself or child for a substantial period prior to his death. So parents may be dependent for their support on their children although they are not performing their legal obligation by contributing money for that purpose: *Shimkus v. Phila. & Reading C. & I. Co.*, 280 Pa. 88, 124 A. 335; *John v. Susquehanna Collieries Company*, 113 Pa. Superior Ct. 493, 499, 173 A. 684.

No case has been cited to us and we know of none which has held as a matter of law, where other children of indigent parents are financially able to contribute toward their support, that the parents are entitled to compensation for total dependency upon the death of one of the children.

Judgment is reversed and the record is remitted to the court below with directions to recommit it to the Workmen's Compensation Board that an award may be made in accordance with this opinion.