Yurski, Appellant, *v.* Continental-Archbald Coal Company.

Argued March 5, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Roger J. Dever,* for appellant.

*Franklin B. Gelder,* with him *J. H. Oliver,* for appellee.

OPINION BY DITHRICH, J., April 20, 1945:
Michalina Yurski, widow and the appellant herein, was awarded compensation by the compensation authorities on her claim that she was totally dependent upon here deceased son, Walter P. Yurski, who concededly sustained a fatal injury in the course of his employment by the defendant company.

On appeal from the decision of the compensation authorities the court below modified the award from total to partial dependency.

The pertinent facts as found by the referee and affirmed by the board are as follows. At the time of the death of the decedent the household of the claimant consisted of herself; her deceased son, who was twenty-one years of age; a son Anthony, thirty-seven; another son, Joseph, nineteen, a student in high school; and a daughter, Sophie, fifteen, also a student in high school. Walter was the only member of the household who was contributing to its support. In addition to the members of the household, claimant had three other children: Chester, aged thirty, who was married and living in Detroit, Michigan; Mary, twenty-eight; and Helen, twenty-four, both unmarried and both employed, the former in Detroit and the latter in Bridgeport, Conn.

The earnings of the decedent for the year prior to his death were $934.50, all of which he gave to his mother, and the household expenses were $1,794, almost double the amount of his earnings. The week following the death of Walter, his brother Anthony was employed in his place by the defendant company.

In modifying the award, the court below in an opinion by EAGAN, J., held that ". . . . . . the issue is ruled by the case of *Mattis et ux. v. Arcadia Coal Company et al.*, 148 Pa. Superior Ct. 462 . . . . . ." With that conclusion the majority of this court is in entire accord. There, as here, two adult daughters of the claimants who were not members of the household were employed elsewhere and neither contributed to the support of the household. But this court held in an opinion by the now President Judge, p. 465, 466: "In such circumstances, not only Stanley [who was earning $18 a week and paying only $4 a week board] but the adult daughters who were capable of rendering financial aid to the claimants, could have been called upon and com-

pelled to contribute toward their support. That is an obligation imposed upon them by law [Act of 1937 June 24, PL 2045 Sec. 3, 62 PS Sec. 1973] which they should recognize. The earning capacity of children and their legal obligation to contribute to the support of indigent parents are matters to be considered by compensation authorities: *Fawson v. Sterrick Creek Coal Company*, 129 Pa. Superior Ct. 245, 248, 195 A. 165. ' "Totally dependent" is equivalent to "without any other source of income or livelihood." ' *Kloskowski et ux. v. Hudson Coal Company*, 130 Pa. Superior Ct. 490, 496, 198 A. 689. Here there was another available, but not active, source, which should be tapped."

In *Fawson v. Sterrick Creek Coal Company*, supra, p. 248, it was held: "It is true, as argued by Counsel for appellant in the case at bar, that there is no evidence here of any rental value of the real estate, *but it is also true that here, as there, the usual weekly expenditures of appellant for the maintenance of the family were nearly double the wages earned by the deceased employee—a circumstance which negatives the contention that appellant was solely dependent upon him.*

"Another factor appearing from the evidence is that appellant's son John was at the date of the hearing employed in the position occupied by his deceased brother at the time of the accident. His earning capacity, and legal obligation to contribute to the support of appellant, are matters which were proper for the consideration of the compensation authorities." (Italics supplied) Nowhere in the case before us does it appear that the compensation authorities gave any consideration to the fact that a week following the death of Walter, Anthony was employed in his place.

The law, when properly applied to the facts before us, clearly establishes that the appellant was not totally, but only partially dependent upon the decedent. In conclusion, we repeat what was said in *Mattis et ux. v.*

*Arcadia Coal Company et al.,* supra, p. 466, "No case has been cited to us and we know of none which held as a matter of law, where other children of indigent parents are financially able to contribute toward their support, that the parents are entitled to compensation for total dependency upon the death of one of the children."

Judgment affirmed.

DISSENTING OPINION BY RHODES, J.:

I am of opinion the judgment of the court below should be reversed. In cases of this type the existence of children does not preclude a finding of total dependency upon a deceased child. *Norris v. Phila. Life Insurance Co. et al.,* 137 Pa. Superior Ct. 293, 296, 9 A. 2d 159. Dependency is to be determined by the condition existing at the time of the accident; and the existence of dependency and its extent are primarily questions of fact, and are for the compensation authorities to determine.

The majority opinion relies on *Mattis et ux. v. Arcadia Coal Co. et al.,* 148 Pa. Superior Ct. 462, 25 A. 2d 610. It is to be noted that in the *Mattis* case the children were within the state. In the present case three of the children, Chester, Mary, and Helen were not within the jurisdiction of this Commonwealth; and Anthony was not employed and was not contributing to the support of his mother when Walter was killed. See *Commonwealth v. Morrisey,* 150 Pa. Superior Ct. 202, 27 A. 2d 446.

The only reason I find for interfering with the award is a possible inconsistency in the findings of fact. Consequently, at most the record should be returned to the board for further hearing and determination.

The referee and board found (7th finding of fact) "that the earnings of the decedent [Walter] for the year prior to his death were $934.50 and that he gave all his earnings to his mother [claimant] for the sup-

port of the household"; and (9th finding of fact) "that the claimant ...... was totally dependent upon him [Walter] at the time of his death."

In the 8th finding of fact it is stated that the household expenses were in excess of the earnings of the deceased; that they "are estimated and not supported by itemized accounts"; and that a store bill of claimant in the amount of $200 was unpaid. There is no finding that anyone contributed toward the expenses of the household above the contribution of deceased. The finding and the testimony indicate the contrary. The so-called estimates of the expenses of the household were brought out on cross-examination of claimant, who testified through an interpreter. Her testimony does not warrant a finding that the household expenses were actually $1,794 per year. But she definitely did testify that deceased was the only member of the family who contributed in any way toward the maintenance of the household.[1]

We should not attempt to take over the prerogatives of the compensation authorities. That is what the court below and the majority of this court have done. I would reverse the judgment and remit the record to the board for the purpose previously indicated.

---
[1] Although it is not material, Anthony was employed for a short period after Walter's death, and then entered the army.