## Uber *v.* Bobo & Bango Coal Company et al., Appellants.

Argued April 10, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Karl E. Weise,* with him *Hirsch & Shumaker,* for appellants.

*J. A. Stranahan,* with him *Stranahan & Sampson,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

The extent of claimant's dependency is the sole issue

in this case. The referee found that claimant was totally dependent upon her deceased son at the time of his death on December 16, 1942, as the result of an accidental injury in the course of his employment with defendant. The Workmen's Compensation Board affirmed the findings of fact, conclusions of law, and award of the referee. The court of common pleas dismissed defendant's exceptions and entered judgment on the award in favor of claimant against defendant and its insurance carrier. Defendant and its insurance carrier have appealed.

Appellants admit that claimant was partially dependent upon the earnings of her deceased son. See *Kloskowski et. ux. v. Hudson Coal Co.*, 130 Pa. Superior Ct. 490, 495, 198 A. 689. Their contention on this appeal is that the facts reveal that claimant had other sources of income, and consequently was not totally dependent upon her deceased son at the time of the accident. Claimant claims that she was "totally dependent upon the deceased employe at the time of the accident." See section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as reenacted and amended, 77 PS §561. She filed her claim petition under the foregoing section of the act, and as her son's average weekly wage was $24.41 her claim was for the maximum allowance of $10 per week during the period prescribed by statute.

Dependency is gauged by the condition existing at the time of the accident. *Norris v. Philadelphia Life Ins. Co. et al.*, 137 Pa. Superior Ct. 293, 295, 9 A. 2d 159. If claimant was totally dependent upon her deceased son at that time, the judgment must be sustained.

The existence of other children does not preclude a finding of total dependency upon a deceased child. We have said that the phrase "totally dependent" is equivalent to "without any other source of income or livelihood." *Kloskowski et ux. v. Hudson Coal Co.*, supra, 130 Pa. Superior Ct. 490, 496, 198 A. 689. Under the

Act of June 24, 1937, P. L. 2045, §3, 62 PS §1973, children, if of sufficient financial ability, are obliged to support their indigent parents. In *Mattis et ux. v. Arcadia Coal Co. et al.*, 148 Pa. Superior Ct. 462, 465, 25 A. 2d 610, we said that this obligation, imposed upon children by law, should be recognized by them; and that the earning capacity of children, and their legal obligation to contribute to the support of indigent parents are matters to be considered by compensation authorities in determining dependency and its extent. See *Fawson v. Sterrick Creek Coal Co.*, 129 Pa. Superior Ct. 245, 248, 195 A. 165. An unenforceable obligation, however, cannot be considered an available source of income or livelihood. Likewise, the receipt of public assistance in a negligible amount is not necessarily sufficient to reduce dependency from total to partial. Public aid or assistance is not a "source of income or livelihood" under the compensation act. It is an expedient which may be available temporarily in the absence of support.

Claimant, at the time of the accident, was head of the household, which consisted of herself, Ronald, the deceased son, a daughter, Mildred, 18 years of age, and a son, Eugene, 13 years of age. Eugene was attending school, and Mildred had been unable to obtain any employment. In addition, there were three children who were not at home. Delmar, an unmarried son, was serving as a private in the United States Army, and at the time of his induction was not at home and had not been contributing to claimant's support; Fred, a married son, was supporting his own family and did not contribute to the support of claimant; Grace, a married daughter, maintained her own home. Appellants do not urge that the married son and the married daughter are possible untapped sources of income.[1] As to Delmar, he had not contributed to claimant's support

[1] The referee and the board found, inter alia, that "From all of the relevant and credible testimony adduced . . . . . . the other children of the present claimant were unable to support her."

before he entered the army as his income was only sufficient to maintain himself. He has made no contribution to his mother's support since his induction. Payment of an allowance in his case would be dependent upon his acquiescence even if the necessary requirements were fulfilled, and under the circumstances an order of support against him would not be enforceable. See Act of Congress of June 23, 1942, c. 443, Title I, §§103, 104, 56 Stat. 381, as amended October 26, 1943, c. 281, §§3, 4, 57 Stat. 577, 37 U. S. C. A. §§203, 204. Claimant's husband had left her seven or eight years previous, and had not contributed to her support since 1940. Before that time his contributions were very small. Claimant had her husband arrested for non-support, and the court made an order upon him for the payment of $22 per month. No payments were made in compliance with this order; a physical examination disclosed that he was unable to do any substantial work. Deceased gave his entire wages to claimant who paid therefrom rent of $21 per month and the maintenance of the home.

It appears that claimant received $42.20 a month from the Mothers' Assistance Fund prior to the employment of Ronald, the deceased son. It was discontinued before the accident, and apparently it was not resumed until after the death of the son, and then on the basis of $4.70 per month. Appellants contend that she received the $4.70 per month during the time that Ronald was employed. The testimony does not clearly indicate such payment; but, regardless of whether this trivial relief payment was made or not, it is not a determining factor as to the extent of claimant's dependency upon the deceased son Ronald.

In the absence of any other available source of income, the compensation authorities were warranted in their determination that claimant was totally dependent upon her deceased son.

Appellants, in support of their contentions, rely on

*Kovatch et ux. v. Durkin et al.,* 116 Pa. Superior Ct. 192, 176 A. 507; *Fawson v. Sterrick Creek Coal Co.,* supra, 129 Pa. Superior Ct. 245, 195 A. 165; *Mattis et ux. v. Arcadia Coal Co. et al.,* supra, 148 Pa. Superior Ct. 462, 25 A. 2d 610. These authorities are not applicable, as they are materially different on the facts from the present case.

Judgment is affirmed.