Dindino *v.* Weekly Review Publishing Company, Inc., et al., Appellants.

Argued December 15, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Paul H. Ferguson,* for appellants.

*Alexander F. Barbieri,* for appellee.

OPINION BY WRIGHT, J., March 18, 1959:

In this workmen's compensation case, claimant's sixteen year old son was fatally injured on September 25, 1956, when thrown from his employer's truck. Claimant filed a petition alleging total dependency. The Referee found as a fact that her dependency was partial only, and made an award on that basis. The Board affirmed the Referee's findings of fact, conclusions of law, and award. Upon appeal to the Court of Common Pleas of Montgomery County the employer's exceptions were sustained, the findings and award of the Referee, affirmed by the Board, were set aside and reversed, and the record was "returned to the Board and the Board is hereby directed to render an award consistent with this opinion and order". The employer has appealed.

The sole issue in this case is the extent of claimant's dependency. She was the only witness before the Referee. Her birthdate was June 30, 1917, and her son's birthdate was April 29, 1940. She and her husband were divorced in 1942, and she was regularly employed thereafter until June 1956 at the rate of $40.00 per week. At that time she was laid off, and her son suggested that he would quit school and go to work.[1] The

---

[1] "Q. Why were you unemployed at that time, Mrs. Dindino? A. Well, I was laid off from work and was suffering with this leg of mine. I have what they call phlebitis or 'mouse leg' so my son suggested he would go to work and for me to stay at home. Q. He had been in school up to that time? A. Yes, he had. Q. And what

son worked several months for American Pancore in Haverton. He was then laid off, and had started to work for Weekly Review Publishing Company in Conshohocken just the day before his death. Claimant is a co-owner of a family dwelling, in which she and her son lived with her two sisters and a brother, all three gainfully employed. The expense of the common dining table was met by a weekly contribution of $10.00 for each of the five occupants. The other expenses were divided equally among the four adults. The decedent turned his wages over to the claimant. She returned $5.00 to $9.00 a week, and kept the balance.

Section 307 of The Pennsylvania Workmen's Compensation Act[2] provides in pertinent part as follows: "In case of death, compensation shall be computed on the following basis, and distributed to the following persons . . . 5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, thirty-two per centum of wages, but not in excess of thirteen dollars and twenty-five cents per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of twenty-two dollars per week".

---

was the reason for his going to work? A. To support me because he said, 'Mom, you are always complaining your leg is bad. I'll go to work. I'll quit school and go to work' so I thought it was all right by me".

[2] Act of June 2, 1915, P. L. 736, Section 307, as amended, 77 P.S. 561.

The phrase "totally dependent" as used in the statute is equivalent in meaning to without any other source of income or livelihood: *Makar v. Sullivan Trail Co.*, 135 Pa. Superior Ct. 317, 5 A. 2d 595. Where the employer concedes partial dependency and the claimant asserts total dependency, the burden of proof is on the claimant: *Kloskowski v. Hudson Coal Co.*, 130 Pa. Superior Ct. 490, 198 A. 689. The existence and extent of dependency are questions of fact which must be determined under the circumstances appearing of record in the particular case: *Fawson v. Sterrick Coal Co.*, 129 Pa. Superior Ct. 245, 195 A. 165. It is not possible to lay down a general rule applicable to all cases: *Tanner v. U. S. Steel Corp.*, 176 Pa. Superior Ct. 420, 107 A. 2d 692. Questions of fact are for the compensation authorities and the appellate court may not make an independent appraisement of the evidence: *Berman v. George J. Blair Co.*, 137 Pa. Superior Ct. 193, 8 A. 2d 731. The Board is not required to accept even uncontradicted testimony as true and, where its decision is against the party having the burden of proof, the question before the court on appeal is whether the Board's findings of fact are consistent with each other and with its conclusions of law and order and can be sustained without a capricious disregard of the competent evidence: *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Zilek v. C. C. Coal Co.*, 186 Pa. Superior Ct. 628, 142 A. 2d 507; *Rodgers v. Methodist Episcopal Hosp.*, 188 Pa. Superior Ct. 16, 145 A. 2d 893.

The learned judge of the court below took the position that claimant was wholly dependent upon her son on the exact date of his death, and was of the opinion "that dependency status under the Compensation Act is determined as of the date of the accidental death and the fact that the claimant previously worked and might

still be able to work in the future has no bearing on her dependency status at the time of death". He relied solely upon *Norris v. Philadelphia Life Insurance Co.*, 137 Pa. Superior Ct. 293, 9 A. 2d 159, and *Uber v. Bobo and Bango Coal Co.*, 157 Pa. Superior Ct. 412, 43 A. 2d 385. In fairness to President Judge DANNEHOWER, an able and experienced jurist, it should be noted that certain statements in those opinions, interpreted narrowly, tend to support his decision. However, the statutory language "at the time of the accident" envisions a somewhat broader concept. We are in entire agreement with the position of the Board that the condition existing upon the exact date of the accident is not the test upon which the issue of dependency is to be determined.

In *Smitti v. Roth Cadillac Co.*, 145 Pa. Superior Ct. 292, 21 A. 2d 127, the Board made a finding of and an award for partial dependency, which was set aside by the court of common pleas. In reversing and directing the entry of judgment on the award, we said: "Appellants contend that in determining the family budget the income over a reasonable period of time, and the outgo during a similar period of time immediately prior to death should be determined from a consideration of the variable factors which occur during this reasonable period. Any other view would lead to absurd results . . . We believe that the family budget should be determined much in the same manner as wages are determined, namely, by a consideration of the income and outgo over a reasonable period of time prior to the date of death". Similarly in *Orosky v. American Window Glass Co.*, 162 Pa. Superior Ct. 195, 56 A. 2d 384, we said: "Determination of appellants' family budget by a consideration of income and outgo over a reasonable period of time prior to the date of death when considered with regard to circumstances,

habits and methods of living during the lifetime of the deceased clearly establishes the fact of non-dependency."

At the time of her son's death, this claimant was only 39 years of age. She had been gainfully employed for some fourteen years immediately prior thereto. Her severance from employment was not voluntary, but due to a layoff. She produced no medical testimony to the effect that she was physically incapable of working. This circumstance justified an inference to the contrary: *Macaluso v. United Engineers and Constructors,* 157 Pa. Superior Ct. 265, 43 A. 2d 239; *Mahoney v. Mulholland Roofing Co.,* 135 Pa. Superior Ct. 498, 5 A. 2d 812. As stated in the opinion of the Board: "A realistic view compels the conclusion that the claimant was not totally dependent upon the decedent within the contemplation of the Act, although she was temporarily out of work and financially embarrassed. Rather, it appears from her long period of employment that she was self-dependent and self-sufficient, which is reasonably close to the date of the fatality as to negative a conclusion that she was wholly dependent upon the decedent for *all* financial assistance".

The Pennsylvania Workmen's Compensation Act contemplates actual dependency, and that fact must affirmatively appear in the record: *Morris v. Yough Coal and Supply Co.,* 266 Pa. 216, 109 A. 914; *Gaich v. Kerlin Construction Co.,* 170 Pa. Superior Ct. 535, 85 A. 2d 642. "The statute was designed to provide compensation; that is, the making good of the loss of support. Where such loss did not exist compensation does not accrue. The responsibility of weighing the evidence is cast on the referee and the compensation board": *Corcoran v. Pennsylvania Coal Co.,* 76 Pa. Superior Ct. 325. In the words of Judge ERVIN in *Carter v. Vecchione,* 183 Pa. Superior Ct. 595, 133 A. 2d 297: "It was

clearly beyond the province of the court below to sub-
stitute its own judgment as to what inferences should
have been made in this matter of fact". And see *Rob-
erts v. Wanamaker*, 151 Pa. Superior Ct. 297, 30 A. 2d
189.

The order of the court below is reversed, and the
order of the Workmen's Compensation Board is rein-
stated and affirmed.