Seisek, Appellant, *v.* Blaw-Knox Company.

Argued April 12, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*J. A. Steedle,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

OPINION BY WOODSIDE, J., June 15, 1960:

The appellant in this case was denied workmen's compensation.

The Workmen's Compensation Board in denying him compensation found that "The claimant has failed utterly in his affirmative burden to prove an accident," and noted that, "The referee was tolerant and more than indulgent in affording the claimant every opportunity to prove his claim."

Upon appeal to the County Court of Allegheny County, President Judge Lencher carefully, ably and patiently reviewed the contentions of the claimant in

an exhaustive opinion in which he stated, "There is no proof of accidental injury; there is no evidence that could bring him within the operation of the Occupational Disease Act."

It would serve no useful purpose to again detail here the various procedural steps over which the claimant passed while hiring and firing lawyers and presenting his case in his own way. It is sufficient to note that he was given every consideration by the referee and the board, and had opportunity after opportunity to develop a case.

Neither would it serve any purpose to review the many pages of rambling, incoherent testimony and arguments. To state what *is* in the evidence would not establish what *is not* there.

The referee and the board found against the claimant. The workmen's compensation board is not required to accept even uncontradicted testimony as true, and where the decision of the board is against the party having the burden of proof, the question before the court on appeal is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51 (1942); *Dindino v. Weekly Review Pub. Co.,* 188 Pa. Superior Ct. 606, 610, 149 A. 2d 475 (1959).

A review of the record in this case reveals no inconsistency in the board's findings, conclusions or order, nor any capricious disregard of competent evidence.

Affirmed.